SERENO JELLISON *vs.* LUTHER JORDAN.

Hancock.   Decided July 23, 1878.

*Frauds, statute of.*

A contract for the conveyance of real estate not in writing is void by the statute of frauds.

When a party to such contract has complied with its conditions and made all the payments required by its terms, he is entitled to recover back such payments in case the other party refuses to perform on his part.

Nor will it defeat his right of recovery that he is in possession of the premises agreed to be conveyed.

ON EXCEPTIONS, by the defendant, to instructions stated in the opinion.

*G. S. Peters,* for the defendant.

*A. P. Wiswell,* for the plaintiff.

APPLETON, C. J.   This was an action of assumpsit on an account annexed and for money had and received.

It was in evidence, that the defendant bargained with the plaintiff to sell him a small farm for a sum of money down and the balance on time, the defendant to give a warranty deed and to receive from the plaintiff his notes for the balance of the purchase money secured by mortgage.   The plaintiff went into immediate possession of the premises and has ever since remained there.   The plaintiff made the cash payment and gave the notes and mortgage. The defendant was to get his wife to sign the deed and then deliver the same to the plaintiff.   The plaintiff went on; paid a portion of the notes under an expectation that he should have his deed, which the defendant repeatedly promised to give him.   Finally, the plaintiff demanded his deed which the defendant refused to deliver, and commenced the process of forcible entry and detainer, which is now pending.   Thereupon, the plaintiff, on account of such refusal and the previous refusal and neglect of the defendant to deliver a deed, brought this action to recover back what he had paid.

The instruction to the jury was that the action might be main-

tained, notwithstanding the plaintiff had not surrendered the possession of the premises, and although the notes were not fully paid when the action was commenced.

The plaintiff has done as he agreed. He is in the right. The defendant has refused to perform his contract. He is in the wrong. The contract between the parties related to real estate and is within the statute of frauds. The plaintiff cannot enforce its performance. The defendant had the election to perform it or not. The plaintiff had no such election. He could not rescind the contract, if he would, if the defendant was willing to perform. *Kneeland* v. *Fuller*, 51 Maine, 518, 519. *Plummer* v. *Bucknam*, 55 Maine, 105.

The defendant, having alone the option to perform or not, has elected not to perform his contract. It then has no validity as a contract. The defendant has the money of the plaintiff in his hands in part performance of a contract which he has voluntarily repudiated. It is well settled that an action for money had and received lies to recover back money paid by a party to an agreement invalid by the statute of frauds, which the other party refuses to perform. *Cook* v. *Doggett*, 2 Allen, 439.

The fact that the plaintiff is in possession of the premises to be conveyed affords no defense to his claim. In *Richards* v. *Allen*, 17 Maine, 296, the plaintiff had been in possession, eighteen or twenty years, of the farm the defendant had promised, under circumstances like those in the present case, to convey; but the action was nevertheless maintained. If the possession of the plaintiff was rightful it can furnish no defense to the defendant, especially when the defendant has been allowed for the use of the premises from the time of the plaintiff's entry thereon to the date of the writ, as in *Richards* v. *Allen*.

If the plaintiff's possession was wrongful, his wrong doing can furnish no defense for the wrong doing of the defendant. The plaintiff is entitled to compensation from the defendant. If he has violated any rights of the defendant, he is amenable to the law for such violation in a suit therefor.

*Exceptions overruled.*

WALTON, BARROWS, DANFORTH, PETERS and LIBBEY, JJ., concurred.