### EDWIN GIFFORD *v.* C. C. WILLARD.

*Statute of Frauds. Filing Pleas out of Time. Evidence. Pleading.*

1. If one makes a verbal contract for the sale of his farm, and then repudiates it, he cannot invoke the aid of the Statute of Frauds to enable him to retain what he received under such contract.
2. Filing pleadings out of time is a matter of discretion with the County Court, and not revisable by the Supreme Court.
3. The defendant pleaded an offset; the plaintiff filed what he called a "replication in estoppel"; the defendant traversed it; and the court decided that the replication and proof did not make out an estoppel. *Held,* that the evidence being pertinent to the issue thus formed was admissible; and that it was not like the admission of improper evidence and then attempting to charge it out.
4. The plaintiff admitted that the defendant was entitled to recover $5 under his plea in offset; the jury returned a general verdict for the plaintiff for $8.50, and a special verdict that defendant recover nothing. A motion was made in the County Court to set aside the verdict and for a new trial, which was denied. The judgment below was affirmed.

GENERAL ASSUMPSIT. Pleas, general issue and offset. Replication similiter, general issue, and two special replications; rejoinder similiter and traverse of special replications. Trial by jury, March Term, 1882, VEAZEY, J., presiding. A general verdict for the plaintiff to recover $8.50; a special verdict that defendant recover nothing under his plea in offset; also, the jury found specially that the contract was as claimed by the plaintiff. The plaintiff's specification contained an item of

$105.45 for boarding the defendant; the defendant's specification contained an item of $107.12 for rent of farm. As to the rent the plaintiff's special replication set forth that his occupancy of the defendant's farm was under a verbal contract by which the defendant bargained to sell to the plaintiff his farm for the consideration of ten years' board and lodging to be furnished the defendant by the plaintiff, and to pay taxes, &c. ; that the plaintiff had partly performed his part of the contract, and was ready and willing to perform the rest ; that the defendant agreed to execute a written instrument expressing the said contract, and failed to do so, but on the contrary, brought an action of ejectment against the plaintiff before a justice of the peace ; that there was a trial by jury in said justice court, and verdict and judgment thereon for the present plaintiff, the issue being whether he was lawfully in possession under said contract ; that the defendant appealed, but did not enter his cause in the County Court, and paid the plaintiff his costs ;—by reason of which the defendant ought not to recover for said rent. The plaintiff's evidence tended to sustain his special replication, and specification.

The defendant claimed that the Statute of Frauds was a bar to a recovery by the plaintiff for the board, &c., and objected to all evidence bearing on this matter. The defendant's evidence tended to show that the contract was simply to lease for one year with an agreement about renewal, if the parties agreed, to be paid for by boarding the defendant. The plaintiff, subject to objection and exception, put in evidence the record of the justice judgment referred to in the replication, and proved payment of the costs. The court held that the replication and proof upon the issue made did not make out an estoppel. Several of the pleadings were filed out of time by leave of court. The defendant filed an amended plea in offset after the case was reached for trial. Thereupon the plaintiff by leave of court filed what he called a " replication in estoppel." The other facts are stated in the opinion.

*Hunton & Stickney*, for plaintiff.

*P. R. Kendall* and *W. W. Stickney*, for defendant.

The opinion of the court was delivered by

ROWELL, J.   The defendant having repudiated his verbal con-
tract for the sale of his farm to the plaintiff, cannot invoke the
aid of the Statute of Frauds to enable him to retain what he
received of the plaintiff under it, and in part performance thereof.
*Hawley* v. *Moody*, 24 Vt. 603.

The filing of pleadings out of time is a matter of discretion,
and the action of the County Court in that behalf is not revisable
here.

Proof of the justice's judgment was pertinent to the issue formed
by traversing the replication to the plea in offset, and its admis-
sion was not error.   It is not like the admission of improper evi-
dence and then attempting to charge it out.

It does not affirmatively appear that defendant was disallowed
the five dollars loaned, which plaintiff admitted he was entitled to
recover.   The jury returned a general verdict for plaintiff for
$8.50, and a special verdict that defendant recover nothing under
his plea in offset.   The statute required the jury to find such sum
as should be in arrear from either party, and we cannot say they
did not do it.   This matter was brought to the attention of the
County Court by a motion to set aside the verdict and for a new
trial, which the court denied.   It must be presumed, therefore,
that that court was satisfied that no error of this kind had been
committed, and that defendant had in fact been allowed the $5.00,
although the special verdict did not indicate it.   That court could
determine much better than we can how that was, and it is better
that the matter be left where it is rather than that hostilities be
renewed over so small an affair.

Judgment affirmed.