[No. 8377.]

## JONES V. CERES INVESTMENT COMPANY.

1. PLEADINGS—*Judgment Upon,* is not to be awarded unless it affirmatively appears that plaintiff is without right. (566.)

2. —— *Relief.* The plaintiff is to be awarded such relief as his averments, and the evidence, entitle him to, without reference to the prayer of his complaint. (568.)

3. STATUTE OF FRAUDS—*Not a Cover for Fraud.* The statute is not to be invoked to sanctify the perpetration of a fraud. Plaintiff had contracted with an agent of defendant to purchase certain real estate, the property of defendant. Defendant knowing these facts, and that plaintiff was relying upon the contracts of the agent, as the contracts of defendant, received plaintiff's money thereon, and appropriated it to its own use. *Held* that defendant was liable to plaintiff, at least for the money which he had received. (568, 569.)

*Error to Denver District Court.* Hon. JAMES H. TELLER, Judge.

Messrs. TOLLES & COBBEY, for plaintiff in error.

Messrs. HINDRY, FRIEDMAN & BREWSTER, for defendant in error.

HILL, J., delivered the opinion of the court.

The plaintiff in error, who was plaintiff below, contends that the court erred in granting the defendant's motion for judgment on the pleadings. The complaint alleges, that one Dillow was the agent of the defendant company, and as such had a large amount of its real estate for sale; that in September, 1908, the plaintiff made to Dillow, as the agent of the defendant, an offer of $1,416 for certain lots, describing them; that by the terms of said offer, the plaintiff agreed to pay for them in installments of $55 per month, and interest; also agreed to pay the subsequent taxes, water taxes and insurance; that defendant accepted the offer and agreed to deed to plaintiff, or any person to be named by him, the

above described lots, upon payment of said sum, and interest at the rate of eight per cent per annum; that defendant, instead of making a contract direct with plaintiff, made a written contract with Dillow for said lots, containing the above conditions, and Dillow made a contract with plaintiff, as the agent of defendant company, containing the same conditions; that it was further verbally agreed and understood, at the time of entering into the written contract, that plaintiff might, at any time, pay the entire amount due under said contract, or any portion thereof, and receive a deed or deeds for the property paid for in full; that there has been paid upon this contract to the defendant the sum of $1,128.12, which payments were made on and prior to August 22, 1910; that a portion of the above described property was conveyed to plaintiff, or as he directed, giving dates and description; that no other property contained in the above described contract was ever conveyed to plaintiff or as he directed. This is followed by the alleged execution of three other similar contracts made in the same manner, for other lots, describing them, stating amounts paid and to be paid. It is alleged that all the payments were made upon the contract executed in October, 1904, before 1910, and that three lots only, out of about twenty-five covered by this contract, were conveyed to the plaintiff, etc. The portion of the complaint concerning contracts bearing dates November 20th and 27th, respectively, 1910, contains the same allegations as the first, as to certain payments, etc., except in different amounts, but does not allege the conveyance of any of the lots to plaintiff. The complaint alleges, that, aside from taxes, water taxes and insurance, a total of about $2,500 was paid by the plaintiff upon the four contracts; that some of it was paid by the plaintiff direct to the company and some to Dillow as its agent, and that all of it was received by the defendant company. It then alleges that during the month of July, 1910, the plaintiff made

demand, not only once, but several times, upon the defendant company, to make and deliver to him deeds for all the property that he had purchased of it, as shown by the four contracts heretofore described, made with it through Dillow, and by said defendant company adopted as its contract, with the exception of those theretofore conveyed, etc. It alleges, that the defendant company, acting through its president, Waldo, expressed its willingness to make the deeds before requested, and several times set the time when he would have them ready for delivery, but failed and neglected so to do; that on or about the 21st of July, 1910, the plaintiff called at the office of the defendant company and found Waldo in charge; that Waldo then stated that he would have the deeds executed and ready for delivery upon the following day, viz., the 22nd of July, 1910, and requested plaintiff to call upon said day, pay the amount due and receive the deeds for said property; that on the afternoon of the 22nd of July, 1910, in pursuance of this request, plaintiff called at the office of the defendant company and found that the deeds had not been executed; that Waldo, the president of the defendant company, was not there, but had left the state the night before, and was just starting on a trip around the world, and would not be back for a year; that plaintiff was ready, willing and able, at the time and at all times after demand made by him as hereinbefore mentioned, to pay the balance due the defendant company for the real estate owned by it, and sold to plaintiff by and through its agent, Dillow, and so stated at the time; that the said deeds were to be made by Waldo, the president of the company. The plaintiff then alleges, that on the 5th of August, 1909, he made a sale of all the real estate then owned by him (purchased from defendant company) to one Banty, for the sum of $9,800; that $1,800 of said amount was paid in cash, and $50 was to be paid every month; that said payments were made up to and including the month of July, 1910; that

Banty also had the option of paying off, at any time, the entire amount due plaintiff, and obtaining deeds for said property; that on or about July the 1st, 1910, Banty notified plaintiff that she desired to pay the balance due upon said contract, amounting to about $7,000, and obtain deeds for said property; that pursuant to said demand made upon plaintiff, he made the several demands hereinbefore mentioned on the defendant, so that he might be able to carry out the contract upon his part with Banty; that the amount paid by Banty upon said contract, principal, interest and taxes, at the time amounted to about $3,000; that Banty desired to build a number of houses upon said property; that when Banty became aware that plaintiff could not furnish deeds promptly for the property, she declined to proceed further, employed counsel, and threatened suit, demanded the return of her money, and a cancellation of the contract; that plaintiff was compelled to and did return to Banty the money paid by her upon said real estate, and cancelled the contract; that the defendant company, by and through its president, Waldo, knew that plaintiff was the purchaser of the aforesaid property; that he had made a sale of this property to Banty about the time of said sale; that plaintiff had made an advantageous sale thereof, and desired to carry the same out; that by reason of the failure of the defendant company to furnish him a deed or deeds, when required or within a reasonable time, he has been damaged in the sum of $6,000. The prayer is for judgment for this amount.

In its answer the defendant denies that plaintiff made the offers to Dillow; admits that instead of making a contract with it he made written contracts with Dillow for the property described, and denies each and every other material statement and thing set forth therein not specifically admitted or denied.

For a second defense it alleges, that at the time the contracts were entered into by the plaintiff as described in

the complaint, plaintiff knew the defendant was the owner of the property described in said action; that said contracts were written contracts; that this defendant was not named or referred to therein; that said contracts were in words and figures as follows. Copies are then set forth of the four contracts between Dillow and the plaintiff, the same as to dates and description of the lands as those in the complaint. The answer then alleges, that said above contracts were and are the individual contracts of Dillow; that Dillow did not sign said contracts for or on behalf of the defendant; that Dillow was not, at said time, the agent of or for the defendant, or authorized by it to enter into said contracts on its behalf.

For a third defense it is alleged, that the Dillow contracts with plaintiff are contracts for the sale of land; that neither was signed by defendant, or by any agent of defendant, or by any agent of the defendant lawfully authorized in writing, and that defendant, nor any person by it lawfully authorized in writing, did ever make or sign any contract in writing for the sale of this land, as required by sections 2662 and 2663, R. S., 1908; that said contracts are therefore wholly void, etc.

By replication, the plaintiff denied the allegations in the answer starting with the one alleging that the contracts were and are the individual contracts of Dillow. The defendant's motion for judgment on the pleadings was then sustained. We cannot subscribe to the correctness of this ruling. In *Wallace v. Collier,* 59 Colo. 144, 147 Pac. 660, we had occasion to go into this question, and quoted from the other recent opinions of this court with the conclusion, as therein stated, that this motion cannot take the place of a general demurrer, and that unless the pleading show affirmatively that the plaintiff is without right, it should not be entertained.

Section 53 of our Revised Code states that the mode

of pleading in civil actions and the rulings by which the sufficiency of the pleadings shall be determined shall be as described in this act and not otherwise.   Section 55 says:

"The complaint shall contain:   *   *   *   A statement of the facts constituting the cause of action, in ordinary and concise language, without unnecessary repetition.   *   *   * A demand for the relief which plaintiff claims, and if the recovery of money or damages be demanded, the amount thereof shall be stated."

The plaintiff set forth his alleged cause of action. A demurrer thereto was overruled.   In its answer the defendant denied many allegations of the complaint.   For a further defense, it alleges the plaintiff knew it was the owner of the property at the time the contract was made by him with Dillow for their purchase and sets up the contracts.   It then alleges that these contracts were Dillow's; that its name was not mentioned nor referred to therein and that he was not their agent.   Two of these latter allegations, in legal effect, are but denials of those in the plaintiff's complaint, viz., that the contract was the company's and not Dillow's, and that he was its agent, etc.   *Hoosac M. & M. Co. v. Donat,* 10 Colo. 529, 16 Pac. 157.

The only allegations in this further defense that were not a denial, and which the plaintiff did not deny in his replication are:   That when he made the contract, as alleged, with the company, through Dillow, its agent, and in the agent's name, he knew the lots belonged to the company, and that its name was not referred to in this contract.   The sufficiency of the replication should have been tested by demurrer; if bad, this would have given the plaintiff the right to amend, which was denied him by sustaining the motion for judgment on the pleadings; but regardless of this, as they then stood they do not disclose that the plaintiff was without right.   According to the allegations of the complaint, the defendant knew that the plaintiff made these

contracts with Dillow, as alleged, viz., as its agent and for it and relied upon them as the acts of the company, and made payments accordingly; that it took his money from time to time to apply thereon, and applied it to its own use, knowing that he was thus paying it, relying upon the contracts as being those of the company.

Section 186 of the Revised Code reads:

"The relief granted to the plaintiff, if there be no answer, shall not exceed that which he shall have demanded in his complaint; but in any other case the court may grant him any relief consistent with the case made by the complaint and embraced within the issue."

In *Becker v. Pugh*, 9 Colo. 589, 13 Pac. 906, it is held that under the Code a party is entitled to such relief as his evidence, together with the facts averred in the body of his pleadings, justify, regardless of the relief demanded in his prayer; hence, if we assume for the pleadings all the defendant claims, he would yet have a cause of action for his money. In *Gifford v. Willard*, 55 Vt. 36, at page 38, it is well said:

"The defendant having repudiated his verbal contract for the sale of his farm to the plaintaff, cannot invoke the aid of the Statute of Frauds to enable him to retain what he received of the plaintiff under it, in part performance thereof."

To the same effect are, *Segars v. Segars*, 71 Me. 530; *Gifford v. Willard*, 55 Vt. 36; *Jellison v. Jordan*, 68 Me. 373; *White v. Wieland*, 109 Mass. 291. The principles announced in these cases are specially applicable here. According to the allegations of the complaint, the defendant had received the purchase price for a large number of these lots, also, a part of the purchase price for the others paid by the plaintiff, knowing that when the payments were made the plaintiff relied upon these contracts as being the contracts of the defendant and looked to it for their fulfillment, making

the payments with this object in view. Under such circumstances, the plaintiff having plead the facts, if true, was entitled to recover from the defendant the amount paid. The same principles are applicable to the defendant's plea of the statute of frauds. It is elementary that it cannot invoke the aid of the statute in order to allow it to perpetrate a fraud, which would be the effect if it were allowed to retain both the lots and the moneys paid therefor.

We will not, at this time, go into the question of part performance, or whether proper to be shown to sustain an action for damages, or concerning the question of ratification, or whether the statute of frauds would defeat a recovery other than for the moneys paid, for the reasons that the contract between the defendant and Dillow is not before us; it might or might not throw light upon these questions. There is also a dispute as to the meaning of the complaint concerning part performance, such as possession, etc., and whether part performance or ratification has been plead. The parties will be permitted to amend their pleadings as they may be advised, by which at least some of these questions can be eliminated and others made more clear.

The judgment is reversed.

*Reversed.*

GABBERT, C. J., and SCOTT, J., concur.

Decided January 3, A. D. 1916. Rehearing denied February 7, A. D. 1916.