GILMORE ET AL., RESPONDENTS, *v.* OSTRONICH, APPELLANT.

(No. 3,306.)

(Submitted November 18, 1913.   Decided December 9, 1913.)

[137 Pac. 378.]

*Equity   Cases—Appeal   and   Error—Transcript—Evidence— Rules of Court—Dismissal—Circumstantial Evidence—Sufficiency.*

Appeal and Error—Equity Cases—Transcript—Evidence—Rules.
     1.   Disregard of subdivision 3 of supreme court Rule VIII, requiring that in equity cases where questions of fact are presented for review, the testimony relating thereto must appear in the transcript by question and answer, lays the appeal open to dismissal.
Circumstantial Evidence—Sufficiency.
     2.   Where, in a civil action, circumstantial evidence solely is relied on by plaintiff to prove an issue of fact, it is sufficient to sustain the ver-

dict or decision if it produces moral certainty in an unprejudiced mind as to the truth of his theory to the exclusion of any theory opposed thereto; the rule requiring proof beyond a reasonable doubt being applicable to criminal causes only.

*Appeal from District Court, Silver Bow County; Jeremiah J. Lynch, Judge.*

ACTION by Martin Gilmore and others against M. R. Ostronich. From a judgment for plaintiffs and an order denying him a new trial defendant appeals. Affirmed.

*Mr. Chas. A. Wallace,* for Appellant, submitted a brief and argued the cause orally.

*Messrs. James E. Murray* and *Joseph H. Griffin,* for Respondents, submitted a brief; *Mr. Murray* argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was brought by the plaintiffs to obtain a decree dissolving a mining copartnership composed of the plaintiffs and the defendant, and to compel the defendant to account to the plaintiffs for the value of certain ore alleged to have been extracted by him from the common property and converted to his own use. The plaintiffs reside in Butte, Silver Bow county, and are the owners of the Nellie Bly quartz lode mining claim, situate in Madison county. On or about October 15, 1910, the defendant, having acquired from the plaintiff Wm. J. Jennings an option to purchase an undivided one-tenth interest in the claim, entered into an agreement with the plaintiffs to go to Madison county and take charge of the property, to extract ore therefrom, and to ship the same to a smelter for reduction, in the name of the Nellie Bly mine, the net proceeds to be paid by the smelter company to the plaintiffs. Out of the proceeds were to be paid to the defendant all the costs and charges for the work done by him, including his wages fixed at $3.50 per day. Any balance remaining was then to be divided among the plaintiffs and the defendant, in shares proportionate to their respec-

tive interests, the defendant's share to be one-tenth. In the event the enterprise resulted in a loss, each of the parties was to contribute his proportionate share. It is alleged that while the defendant was engaged in working the claim he entered into a conspiracy with Thomas Lero, Robert Angelich and Spiro Vucinich to cheat and defraud the plaintiffs, by representing that certain of the ore shipped had not come from the common property, but from a pretended, fictitious location designated as the Grotto quartz lode claim; that thereafter the defendant caused to be shipped from the Nellie Bly claim to the Washoe Sampling Works at Butte, belonging to the Anaconda Copper Mining Company, but in the name of Robert Angelich, about sixteen tons of ore of the value of $900 per ton, representing that the shipment had been made from the Grotto claim, whereas in truth the ore was from the Nellie Bly claim; that thereafter Angelich and Vucinich procured the proceeds of the ore, amounting to $13,250.24, to be paid over to them; that Angelich, Vucinich, Lero and the defendant thereupon converted the money to their own use, and that the defendant failed to account to the plaintiffs for any portion of it. The answer denies all the allegations charging wrongdoing on the part of the defendant, and alleges that there is due him, for wages during the time he was at work, a balance of $288.84. The court found that the defendant had converted to his own use ore to the amount and of the value alleged in the complaint, and rendered and caused a decree to be entered dissolving the copartnership, and requiring the defendant to account to the plaintiffs for the full amount thereof, less the sum of $1,325.02, the one-tenth to which he is entitled under the agreement. The defendant has appealed from the decree and the order denying his motion for a new trial, and has submitted the question whether the evidence is sufficient to justify the findings.

The rule of this court relating to the form in which evidence [1] shall be presented on appeal requires "that in equity cases and in matters and proceedings of an equitable nature, wherein questions of fact arising upon the evidence presented in the

record are to be submitted for review by this court, the testimony relating to such questions shall be presented by question and answer." (Rule VII, subd. 3, 44 Mont. xxx, [123 Pac. xi].) In the preparation of his bill of exceptions, counsel for the defendant failed entirely to observe the requirement of this rule. The evidence is incorporated in the transcript in narrative form. The defendant is therefore not entitled to have the appeals determined on the merits. Nevertheless, upon the merits so far as we have been able to ascertain them from the record as presented, we think the decree and order should be affirmed.

The vital issue in the evidence is whether the ore in controversy was extracted from the common property, or was obtained from some other source. The evidence introduced by the plaintiffs is wholly circumstantial. Counsel for defendant, conceding that [2] the law makes no distinction as to the probative value between direct and circumstantial evidence, insists that when, as in this case, the plaintiff relies upon evidence of the latter kind alone, he must establish his claim beyond a reasonable doubt, by proof of circumstances consistent with each other and at the same time pointing so strongly to its validity as to exclude every other rational hypothesis, and that plaintiffs' evidence will not bear this test. The rule invoked by counsel is applicable to criminal cases, but has no application to civil cases. (1 Greenleaf on Evidence, 16th ed., 81d.) In the former the guilt of the defendant must be established beyond a reasonable doubt; in the latter the plaintiff will prevail if the preponderance of the evidence is in his favor. The solution of any issue in a civil case may rest entirely upon circumstantial evidence. (*Culbertson* v. *Hill*, 87 Mo. 553.) All that is required is that the evidence shall produce moral certainty in an unprejudiced mind. (Rev. Codes, sec. 7856.) In other words, when it furnishes support for the plaintiff's theory of the case, and thus tends to exclude any other theory, it is sufficient to sustain a verdict or decision. (*Shaw* v. *New Year Gold Mines Co.*, 31 Mont. 138,

77 Pac. 515; *Monson* v. *La France Copper Co.,* 39 Mont. 50, 133 Am. St. Rep. 549, 101 Pac. 243.)

We shall not undertake to analyze the evidence. As we view it, it furnishes ample support for the findings and decision of the district court, even under the rule invoked by counsel. Accordingly, the judgment and order are affirmed.

*Affirmed.*

MR. JUSTICE HOLLOWAY and MR. JUSTICE SANNER concur.