KIRGAN, Appellant, v. KIRGAN, et al., Respondents.

No. 8875

Submitted May 12, 1949. Decided June 30, 1949.

207 Pac. (2d) 557

Mr. R. D. Frederick, Whitefish, for appellant.

Messrs. Walchli, Korn and Warden, Kalispell, for respondent. Mr. Korn argued orally.

MR. JUSTICE ANGSTMAN:

Plaintiff brought this action to quiet title to a one-half interest in certain described real estate situated in Columbia Falls. Plaintiff and defendant Hattie J. Kirgan are husband and wife.

The complaint was filed March 28, 1947. On June 23rd plaintiff filed his affidavit in which he averred that he has made diligent search and inquiry to locate his wife but was unable to do so; that he was informed in substance that she had tired of the winding mountain trails of western Montana and had gone to Straight Path, Wyandanch, New York. On this affidavit plaintiff obtained an order for publication of summons. Schnee is the only defendant who appeared in the action and the controversy is between plaintiff and defendant Schnee.

Mr. Schnee appeared in the action and filed an answer in which he claims ownership of the property by purchase on January 29, 1947, from defendant Hattie J. Kirgan, who had previously obtained and on March 15, 1946, had recorded deeds from plaintiff to her. He claims to be an innocent purchaser for value. The answer also alleges that after defendant Schnee purchased the property he, at the special instance and request of plaintiff, leased it to plaintiff for the promised rental of $30 per month

and plaintiff continued in possession as a tenant until May 27, 1947, when the tenancy was terminated for non-payment of the agreed rental. The prayer of the answer is that title be quieted in defendant Schnee, and that he have judgment for $120, being four months rental, and possession of the property. The reply put in issue the material allegations of the answer.

The court made findings of fact and conclusions of law in favor of defendant Schnee and entered judgment for all the relief demanded in the answer.

Plaintiff has appealed from the judgment.

The specifications of error question the propriety of the court's action in rejecting the findings of fact and conclusions of law proposed by plaintiff and in making the findings and conclusions which it did.

In his brief plaintiff states that the lands in question were acquired and held by plaintiff and his wife as tenants in common each owning an undivided one-half interest.

The transcript shows that the deeds on which plaintiff claims, apparently executed in 1942, were introduced in evidence and read by the court. They as well as about a dozen other exhibits received and read by the court are not before us.

The record shows that plaintiff and his wife each executed deeds to the other covering their interest in the property. Plaintiff said they were not intended to pass title until the death of one of them. He called them "death deeds." In this he was corroborated by an admission of defendant Schnee that the notary public who took the acknowledgment would so testify if present. This admission was made to prevent a continuance of the case for trial.

Those deeds were placed in a joint safety deposit box which plaintiff and his wife had in the bank at Columbia Falls and to which each had access and each a separate key.

Sometime in 1946 plaintiff's wife took the deeds which plaintiff had signed and recorded them. He said she did this about the time that she commenced a divorce action against him which was in March 1946. He said he learned of it when he received the

tax notice in the fall. Though not material here, the fact is that the divorce action was subsequently dismissed.

In January 1947 defendant Hattie J. Kirgan deeded the property to defendant J. B. Schnee. That deed was recorded January 29, 1947. Schnee at the time he bought the property from Hattie J. Kirgan was residing at Cut Bank. He paid $3,000 for the property after his attorney, Judge John J. Greene, approved the title. The evidence without conflict shows that he was an innocent purchaser for value and without notice of any right or equity in the property held or owned by plaintiff.

Defendant Schnee went to Columbia Falls on January 29, 1947, to take possession. He saw plaintiff and plaintiff made no claim to the property but requested permission to remain on it until spring on a rental basis. This was agreed to and plaintiff was to pay $30 per month rental. Plaintiff denied that he was to pay $30 per month rental but the court found against him on this issue and since there is substantial evidence sustaining the finding we must accept the fact as found by the court.

The court also found that for a considerable time prior to the sale by Hattie J. Kirgan to defendant Schnee, plaintiff knew that the deeds from him to his wife Hattie J. Kirgan had been recorded and that the property stood of record in the name of Hattie J. Kirgan and that he did nothing to assert his rights or to prevent an innocent purchaser from relying on the records. This finding too is supported by the evidence.

Plaintiff inspected the safety deposit box after his wife commenced the divorce action and found that she had removed $350 in cash from it. A reasonably prudent person under the circumstances would have discovered that the deeds were likewise missing at that time. Circumstantial evidence is sufficient to prove a fact if sufficiently strong to produce moral certainty in an unprejudiced mind and tends to exclude other reasonable hypotheses. Gilmore v. Ostronich, 48 Mont. 305, 137 Pac. 378; Exchange State Bank of Glendive v. Occident Elevator Co., 95 Mont. 78, 24 Pac. (2d) 126, 90 A. L. R. 740.

Also plaintiff admitted that he knew she had recorded the

deeds when he received the tax notices in the fall. This was before she sold the property to defendant Schnee, which was in January 1947. Hence the finding is supported by both direct and circumstantial evidence.

The attempt by plaintiff to show that the deeds were merely intended to be death deeds and not to pass a present interest in the property could not be shown as against an innocent purchaser for value.

"A person, in dealing with another in respect to real estate, may rely on the record title to the property, in the absence of actual knowledge of the title in fact, or of facts sufficient to put him on inquiry in respect thereto. This protection extends to all persons who rely, and are justified in relying, on the record in dealing with real property. If this were not so, no one would be safe in purchasing real estate, or in loaning upon the strength of it as security. He who acts in reliance on the record has behind him not only the natural equities of his position, but also the special equity arising from the protection afforded everyone who trusts the record." 45 Am. Jur., "Records and Recording Laws," sec. 82, p. 465.

That is the rule in Montana. Poulos v. Lyman Bros. Co., 63 Mont. 561, 208 Pac. 598.

The fact that plaintiff was in possession of the property along with his wife when defendant Schnee bought it was not sufficient to impart notice to Schnee that plaintiff had any interest in it, for the rule is that, "If one of the spouses has the record title, their joint occupation is not notice of an unrecorded title in the other; * * *" 66 C. J., "Vendor & Purchaser," sec. 1029, p. 1179, and cases there cited, and particularly Kirby v. Tallmadge, 160 U. S. 379, 16 S. Ct. 349, 40 L. Ed. 463, and Townsend v. Little, 109 U. S. 504, 3 S. Ct. 357, 27 L. Ed. 1012.

Plaintiff relies upon the case of Hayes v. Moffatt, 83 Mont. 214, 271 Pac. 433, wherein it was held that there was no delivery of the deed such as to make it effective when the intention of the parties was that it should not be recorded until after death. In that case the controversy was waged between the

original parties to the deed and the rights of an innocent third party who purchased on the strength of the record were not involved.

Counsel for respondent have discussed other questions in the brief which they contend are additional reasons why the court's conclusion should be sustained. Since the court's conclusion was correct on the ground we have considered, no useful purpose would be subserved in considering whether the conclusion can be sustained on other grounds.

The judgment is affirmed.

Mr. Chief Justice Adair and Associate Justices Freebourn, Metcalf and Bottomly, concur.