STRACK ET AL., RESPONDENTS, *v.* FEDERAL LAND BANK OF SPOKANE ET AL., APPELLANTS.

No. 8958

Submitted April 13, 1950. Decided May 23, 1950.

218 Pac. (2d) 1052

Messrs. Brattin and Habedank, Sidney, for Storholm.

Messrs. Hildebrand and Warren, Glendive, for Federal Land Bank. Mr. Habedank argued orally.

Mr. C. T. Sanders, Mr. F. P. Holbrook and Mr. P. H. Cresap, Sidney, for respondents. Mr. Holbrook argued orally.

MR. JUSTICE ANGSTMAN:

Plaintiffs brought this action to reform certain deeds and a mortgage.

The complaint alleges that defendant Federal Land Bank was the record owner on May 16, 1933, of the following described land situated in Richland county: NE¼NE¼, S½NE¼, SE¼NW¼, Lots 1, 2, 3, 4, and S½ of section 11, T. 22 N. R. 59 E., M. P. M., and other lands not here involved comprising in all 3,282 acres, more or less;

That prior to March 20, 1940, it entered into a contract of sale to sell the land to Wayne C. Swigart;

That on March 20, 1940, plaintiffs entered into a contract with Wayne C. Swigart and his wife, Florence B. Swigart to purchase a portion of the property subject to the balance due the Federal Land Bank. This contract of purchase, in addition to other property not material here, covered the following described property: The south half of the northwest quarter and the south half of the northeast quarter of section 11, T. 22 N. R. 59 E. of the Montana Meridian.

That Wayne C. Swigart and his wife Florence both died on November 5, 1940, leaving as heirs Sterling J. Swigart, Jean M. Swigart and June Swigart to whom the property was distributed in equal shares; that Sterling J. and his wife and Jean M. and his wife quit-claimed their right, title and interest in and to the south half of the northwest quarter and the south half of the northeast quarter of section 11, T. 22 N., R. 59 E. to June Swigart; that on January 10, 1947, the Federal Land Bank conveyed by warranty deed to June Swigart certain property not material here together with the following: Lot 4, the south

half of the northeast quarter, and southeast quarter of the northwest quarter of section 11; that by mutual mistake of the parties the land was described as above instead of as the south half of the northwest quarter and the south half of the northeast quarter; that June Swigart, now June Moran, and her husband, by warranty deed, conveyed to plaintiffs the southeast quarter of the northwest quarter and lot 4 and the south half of the northeast quarter of section 11, which deed, by mutual mistake described the property as it did rather than as the south half of the northwest quarter and the south half of the northeast quarter; that on December 1, 1946, plaintiffs executed a mortgage to Myrtle Blair describing the property as the southeast quarter of the northwest quarter and lot 4 and the south half of the northeast quarter instead of the south half of the northwest quarter and the south half of the northeast quarter; that this description of the property was also due to the mutual mistake of the parties.

The complaint asked for the correction of the deeds and mortgage so as to properly describe the property. Peter Storholm and his wife Christine were not made parties defendant and the complaint contained no allegation with reference to them. The complaint was filed on July 30, 1948. On October 16, 1948, plaintiffs filed a motion that Peter Storholm and his wife Christine be made parties defendant. The motion was supported by affidavit setting forth that the Storholms hold a contract for deed from Jean Swigart and his wife Shirley covering lot 3 of section 11, T. 22 N., R. 59 E. Lot 3 is shown by the record to be the southwest quarter of the northwest quarter of section 11, less a portion which constitutes the bed of the Yellowstone river. Lot 4 is completely under water except .05 of an acre according to the department of interior records.

The Storholms were made parties defendant to the action but no allegations were made with respect to them. The Storholms filed an answer and cross complaint wherein it is alleged that on January 15, 1948, Jean Swigart and his wife were the record owners of lot 3 in section 11; that by written contract they

agreed to purchase lot 3 along with other property and Jean Swigart agreed to sell it and the other property to them for $30,000; that before making the contract the Storholms made an examination of the records of Richland county and that they purchased in good faith and in reliance upon the records and that they had no notice of any claim or interest of any of the other parties to this action.

The defendant Federal Land Bank filed an answer to the cross complaint of the Storholms in which it admitted that the records in the office of the county clerk and recorder of Richland county on January 15, 1948, showed that Jean Swigart and his wife were the owners of lot 3 in section 11, T. 22 N., R. 59 E.; that if the Storholms entered into a contract to purchase the property as alleged by them they ''had full knowledge of the exact lands they were purchasing under said contract by actual physical examination thereof and knew the boundaries of the said land and all of the landmarks thereon.'' It sets forth that the bank on March 12, 1936, owned lots 3 and 4 of section 11 and on that day entered into a contract with Wayne C. Swigart and his wife to sell the lots with other property to them; that after the death of Wayne C. Swigart and his wife their interest passed to Sterling J., Jean M. and June Swigart in equal shares; that by agreement these heirs cancelled the contract between the bank and Wayne C. Swigart and his wife and entered into new contracts with the bank; that June Swigart agreed to buy lot 4 and other property. Jean Swigart and his wife agreed to buy lot 3 and other property; that the bank had no knowledge as to what particular property June and Jean were purchasing other than as stated in the contracts.

Upon payment of the purchase price the bank conveyed to June Swigart lot 4 and the other property and to Jean Swigart lot 3 and other property. The bank in its answer asked that if the deed from it to June Swigart be reformed to include lot 3, then the deed from it to Jean Swigart should be reformed to exclude lot 3 and to include lot 4 if such was the intent of the

parties. The bank filed answer to plaintiffs' complaint similar to the answer to the cross complaint of the Storholms. The reply of the Storholms to the answer of the bank was a general denial. The plaintiffs' reply to the cross complaint of the Storholms admits that on January 15, 1948, Jean and Shirley Swigart were the record owners of lots 1, 2 and 3 in section 11, T. 22 N., R. 59 E. and that on January 14, 1948, they entered into a contract of sale of the same to the Storholms and denies the other allegations thereof. The plaintiffs by reply put in issue the allegations of the cross complaint of the bank and of defendants Storholms.

The cause was tried to the court sitting without a jury. Findings of fact, conclusions of law and judgment were in favor of plaintiff and defendants Storholms have appealed from the judgment.

The court specifically found the mutual mistake as alleged in the complaint and particularly that the deed to plaintiffs should have covered lot 3 instead of lot 4 and that the contract between Jean M. and Shirley Swigart and Peter Storholm should have covered lot 4 instead of lot 3 were it not for the mutual mistake of the parties. The court also found that Peter Storholm was well acquainted with the land purchased by him and knew of the fence boundary line between the land of Jean M. Swigart and plaintiffs enclosing lot 3 in the land of plaintiffs; that Peter Storholm had actual notice that plaintiffs were the purchasers of the south half of the northwest quarter of section 11 which included lot 3 along with other lands and that they were in possession of it.

Counsel for the Storholms contend that the court erred in not sustaining their motion for judgment on the pleadings.

The motion for judgment on the pleadings was made at the opening of the trial. The motion was upon the ground that the amended complaint did not state facts sufficient to constitute a cause of action for reformation against the Storholms because the pleadings admit that at the time Peter Storholm purchased the property from Jean M. and Shirley Swigart they were the record owners of lot 3 and that the amended complaint does not

contain any allegations to negative the fact that Peter Storholm was a purchaser in good faith and for value.

There are two reasons why this contention cannot be sustained. First: "* * * a motion for judgment on the pleadings may not be used as a substitute for a demurrer where the pleadings are amendable so as to state a cause of action or defense." 41 Am. Jur., "Pleading," sec. 335, p. 520, n. 7. And see Lytle v. Payette-Oregon Slope Irr. Dist., 175 Or. 276, 152 Pac. (2d) 934, 156 A. L. R. 894.

Such a motion will be sustained only when an amendment cannot cure the pleading. Metal Door & Trim Co. v. Hunt, 170 Okl. 240, 39 Pac. (2d) 72, 101 A. L. R. 350.

"Where the pleading is susceptible to amendment, the court in its discretion may refuse a judgment on the pleadings, and under the prevailing rule is required to do so." 49 C. J., "Pleading," sec. 950, p. 673.

Second: Defendant Storholm by his answer and cross complaint alleged that he was a purchaser in good faith for value and without notice of any adverse interest held by these plaintiffs, and thus sought protection under the latter part of R. C. M. 1947, section 17-901. This was denied in the reply and in the answer of the bank. The issue therefore of good faith was before the court though not tendered by the amended complaint. Appellants themselves tendered the issue and cannot complain of its absence from the complaint.

The next assignment of error is predicated upon the court's action in overruling their objection to evidence offered by plaintiff showing that they had entered into a contract to purchase lot 3 on March 20, 1940, from Wayne Swigart and Florence B. Swigart. The objection to the evidence was upon the ground that the contract was not recorded prior to the time that Storholm purchased from Jean Swigart and his wife and that no evidence had been introduced to show lack of good faith or notice on the part of Storholms when they purchased.

The court did not err in overruling the objection. It affected only the order of proof. There was evidence offered later

to justify the court's finding that defendant Storholm had notice of the interest of plaintiffs at the time he purchased or at least sufficient notice to put him upon inquiry which if properly pursued would have disclosed that interest. R. C. M. 1947, sec. 19-106. And see Kirgan v. Kirgan, 123 Mont. 34, 207 Pac. (2d) 557.

For the same reason the court did not err in overruling defendants' motion to strike such testimony.

The next assignment of error is that the court erred in not sustaining defendant's motion for non-suit. This motion raises the same questions presented by the motion for judgment on the pleadings and was properly denied for the same reasons that we have given for the ruling on the motion for judgment on the pleadings.

The only other assignment of error is that the court erred in reforming the contract between Peter Storholm and Jean M. and Shirley Swigart. The pleadings by no one demanded that this contract be reformed. Jean M. and Shirley Swigart were parties defendant in the action but they defaulted.

Section 93-3814, R. C. M. 1947, provides: ''Where the judgment may determine the ultimate rights of two or more defendants, as between themselves, a defendant who requires such a determination must demand it in his answer. The controversy between the defendants must not delay a judgment, to which the plaintiff is entitled, unless the court otherwise directs.''

As noted above Jean M. and Shirley Swigart defaulted in the case. They are the ones who were interested in having the contract between them and Peter Storholm reformed.

No one else was privileged to assert a right in their behalf which they themselves saw fit to disregard. Under the plain wording of section 93-3814, supra, the rights of defendants between themselves could be litigated only when demanded in the pleadings.

The fact that a court of equity when once it acquires jurisdiction will grant all the relief necessary to the adjustment of

26

the entire subject of the action as held in Grosfield v. Johnson, 98 Mont. 412, 39 Pac. (2d) 660, and Meredith v. Roman, 49 Mont. 204, 141 Pac. 643, and other cases, is subject to the qualification that under the statute, section 93-3814, when rights between defendants are involved it is not proper to make determination thereof unless demanded in the pleadings.

The court erred in reforming the contract between defendants Jean M. and Shirley Swigart and Peter Storholm.

The judgment is affirmed except so far as it orders reformation of the contract between defendant Peter Storholm and Jean M. and Shirley Swigart and so far as it orders reformation of the Storholm-Swigart contract it is reversed.

MR. CHIEF JUSTICE ADAIR and ASSOCIATE JUSTICES FREEBOURN, METCALF and BOTTOMLY concur.