Callie Mae **MARTIN**, Appellant,

v.

Willie **MARTIN**, Appellee.

No. 2186.

Supreme Court of Alaska.

Jan. 31, 1975.

Dennis E. Cook, Merdes, Schaible, Staley & DeLisio, Fairbanks, for appellant.

Mary Nordale, Jackson & Nordale, Fairbanks, for appellee.

Before RABINOWITZ, C. J., and CONNOR, ERWIN, BOOCHEVER and FITZGERALD, JJ.

OPINION

PER CURIAM.

We must decide in this case whether the trial judge in a divorce action abused his discretion in refusing to grant a new trial for newly discovered evidence and whether the trial judge abused his discretion by making a property settlement which was clearly unjust. We conclude that the trial judge did not abuse his discretion, and we affirm his ruling.

Willie Martin married Callie M. Martin on June 25, 1966, at Ft. Wainwright, Alaska. They adopted one child who had reached six years of age at the time of the divorce. Before this marriage Callie Martin had acquired an apartment house in San Francisco, California, and a lot on Mary Ann Street and 16th Avenue, Fairbanks, Alaska. During the marriage the Martins acquired a home and household furnishings at 2127 McCullam Street, Fairbanks, a 1968 Cadillac and a 1969 Oldsmobile, a lot at Turner Street and 16th Avenue, Fairbanks, and some savings bonds.

On February 13, 1973, Willie Martin filed for divorce, precipitating bitterly contested divorce proceedings. In his decree the trial judge awarded the custody of the child to Callie Martin, saving to the father reasonable rights of visitation. The father was ordered to pay child support of $100 per month. Callie Martin was allowed her own personal property, the San Francisco apartment house, the 1968 Cadillac, the household furnishings found by the court to be worth $15,000, and a one-half interest in the net proceeds of the sale of the home at 2127 McCullam Street. She was also awarded $800 in back support to be paid out of Willie Martin's one-half share in the proceeds from the sale of the home. In addition to his one-half interest in the net proceeds of the home, Willie Martin was awarded the 1969 Oldsmobile, the lot

located at Turner Street and 16th Avenue and the lot at Mary Ann Street and 16th Avenue, and his personal property.

Callie Martin was required to assume responsibility for a J. C. Penney account and the balance due on a note secured by the two automobiles.

A few days after the entry of the decree Callie Martin discharged her trial attorney and retained her present counsel. She promptly filed a motion for a new trial on the grounds that the parties and the trial judge were mistaken as to the value of the household furnishings and on newly discovered evidence that the values established at trial for the two lots were erroneous due to errors in valuation in the tax records of the Fairbanks North Star Borough. The trial judge refused a new trial, reasoning that Callie Martin had failed to establish either that she was unaware of or could not have known the value of her property at the time of the trial.

Callie Martin in her application for new trial claims that the household furnishings have a fair market value of no more than $4,000, while the value of the two lots is at least $9,920. While the record of this bitter contest discloses much testimony of incompatibility between the parties, it contains a surprising paucity of evidence of the value of the properties involved.

The only testimony at trial concerning the value of household furnishings was given during the cross examination of Willie Martin. He estimated the household furnishings to be worth $15,000 to $18,000. In other testimony Callie Martin stated that she examined the borough tax records to ascertain the value of the lot at Turner Street and 16th Avenue and that according to the records, the lot was worth about $2,700. The value of the lot at Mary Ann Street and 16th Avenue was estimated by Willie Martin to be approximately $5,000.[1]

Alaska Rule of Civil Procedure 59(a) states that a new trial may be granted "in an action tried without a jury, if required in the interest of justice." Civil Rule 59(d) requires that a motion for new trial based upon newly discovered evidence must, together with accompanying documents, show "that the evidence was in fact newly discovered and why it could not with reasonable diligence have been produced at the trial." In Montgomery Ward v. Thomas, 394 P.2d 774, 776 (Alaska 1964), we said that the requirements which must be met in determining whether a new trial should be granted on grounds of newly discovered evidence are that the evidence:

(1) must be such as would probably change the result on a new trial; (2) must have been discovered since the trial; (3) must be of such a nature that it could not have been discovered before trial by due diligence; (4) must be material; (5) must not be merely cumulative or impeaching.[2]

From the date that Callie Martin filed her first answer in this case on March 1, 1973, until trial January 21, 1974, the parties had an opportunity to obtain evidence of property value. But even at the time the trial judge stated the values, which he

---

1. This valuation illustrates how ill-prepared the parties were at trial. The court noted in its decision, "The Mary Ann property which Mr.—there is no value that's been testified as to that, but Mr. Martin places a value on that property of approximately $5,000.00." The record does not reveal the source of this figure.

2. In *Montgomery Ward* this court adopted the requirements for granting a new trial from a long line of criminal cases based upon Federal Criminal Rule 33, which contains language similar to Alaska R.Civ.P. 59(a).

*See* Salinas v. State, 373 P.2d 512 (Alaska 1962); U. S. v. Johnson, 142 F.2d 588, 592 (7th Cir. 1944), and cases cited therein.

The *Montgomery Ward* rule has been reaffirmed in numerous cases. Patrick v. Sedwick, 413 P.2d 169 (Alaska 1966), contains a compilation of related state and federal cases in notes 26 and 27 and accompanying text, 413 P.2d at 177. *See also* Metcalf v. Bartrand, 491 P.2d 747 (Alaska 1971); Nordin Construction Co. v. City of Nome, 489 P.2d 455 (Alaska 1971); Houger v. Houger, 449 P.2d 766 (Alaska 1969).

accepted from the evidence in making his property disposition, no objection was voiced. So far as the record shows, the first effort by Callie Martin to obtain reliable information concerning property values was in conjunction with her motion for a new trial on February 14, 1974. The record shows that Callie Martin obtained appraisals of her home furnishings on January 30, 1974, and February 5, 1974, and that her counsel for this appeal obtained an appraisal of the two house lots on February 12, 1974. In denying the motion for retrial, the trial court stated:

> This case had been in court at least 3 or 4 times, and on 2 occasions I remember telling the parties that they had better be prepared with proper evidence when they come into court . . . . [Property appraisals are] evidence that should have been in the reasonable preparation of a case—it can reasonably be anticipated by attorneys that when property is involved, real property is involved, that an appraisal should be made of that property to come up with a value so that it can be presented to the court and the court can have something to base its decision on.

We agree. Appraisals could surely have been obtained before trial with due diligence.

It is suggested that Callie Martin was justified in relying on the property values contained in the borough tax records even though these records reflect mistakes and incorrect values, and that she is on this ground alone entitled to a new trial. We have on at least one earlier occasion noted the unreliability of tax records as a basis for establishing property values. State v. 45,621 Square Feet of Land, 475 P.2d 553, 557 (Alaska 1970). There we said:

> The majority rule excludes property tax assessments from evidence in condemnation cases on the rationale that such an assessment is *res inter alios acta*, notoriously unreliable as a criterion of true value or the opinion of persons not called as witnesses and subject to cross-examination. (footnote omitted)

Moreover, the cases relied upon and cited to this court in support of the contention that Callie Martin was entitled to rely on the borough records have nothing to do with property valuation but rather were concerned with title to property.[3] As such, they are inapposite.

In light of the evidence which was before the trial judge at the time he entered his decree, we cannot say that he abused his discretion in making a division of the property between the parties.[4] He under-

---

3. The cases relied on by appellant, Williams v. Jackson, 107 U.S. 478, 2 S.Ct. 814, 27 L.Ed. 529 (1883); Kirgan v. Kirgan, 123 Mont. 34, 207 P.2d 557 (1949); Petta v. Host, 1 Ill.2d 293, 115 N.E.2d 881 (1953); and Lind v. City of Bellingham, 139 Wash. 143, 245 P. 925 (1926), stand for the proposition that a purchaser without notice of encumbrances may rely on record title, while Davis v. State, 1 Ariz.App. 264, 401 P.2d 749 (1965), involved the validity of a tax sale. These cases are based upon upholding the reasonable expectation of the title holder of real property that his title is dependable. The purchaser of property has no such expectation that its value is fixed.

In Wernberg v. Matanuska Electric Association, 494 P.2d 790, 792 n. 5 (Alaska 1972), we held that it is not abuse of discretion for a trial judge to consider assessed valuation in determining whether a jury verdict was excessive. That case does not support appellant. Indeed, we said:

> The matter of granting or refusing a new trial rests in the sound discretion of the

trial judge. We shall not interfere with the exercise of his discretion except in the most exceptional circumstances and to prevent a miscarriage of justice. (494 P.2d at 792, quoting Ahlstrom v. Cummings, 388 P.2d 261, 262 (Alaska 1964))

4. With respect to property divisions in divorce cases, this court has said:

> [W]ith respect to the judicial division of the property in this case, that is a matter left by statute to the broad discretion of the trial court and will not be disturbed on appeal unless an abuse of such discretion is shown. To establish an abuse of discretion the aggrieved party must show that the property division was clearly unjust. Crume v. Crume, 378 P.2d 183, 186 (Alaska 1963). (footnotes omitted)

*See also* Vanover v. Vanover, 496 P.2d 644 (Alaska 1972), in which we reaffirmed *Crume* and considered the effects of subsequent legislation.

took as well as he was able to give the parties an equal share.[5] Indeed, it is not claimed that the property division was inequitable in light of the evidence at trial. If in fact the trial judge was unable to divide the property evenly, the fault was not his but must be found in either the failure of preparation or inadequate presentation at the time of trial.[6]

Finding no error, we affirm the decree.

---

5. Where the trial court takes upon itself the responsibility of adjudicating matters not specifically raised by the parties, it has a greater responsibility to assure that the evidence before it is reliable. *See* Rhodes v. Rhodes, 370 P.2d 902 (Alaska 1962). This is not such a case.

6. Counsel for appellant took appropriate action in obtaining appraisals of the property involved immediately upon taking Callie Martin's case. It is unfortunate that she is now bound by the lack of proper preparation of her case at trial. In extreme cases, this rule can lead to absurdly harsh results. *See, e. g.*, Sandoval v. Rattikin, 395 S.W.2d 889

(Tex.Civ.App.1965), cert. denied, 385 U.S. 901, 87 S.Ct. 199, 17 L.Ed.2d 132 (1966). The dissenters to denial of certiorari in that case noted:

To some extent, a lawyer's client like a doctor's patient must suffer the consequences of his champion's mistakes. But there are limits; and the courts are and should be quick to relieve the client of his lawyer's default whenever that is feasible and does not result in unfairness to others. 87 S.Ct. at 200, 17 L.Ed.2d at 132.

However, appellant has not suggested that this is such an extreme case and we do not find it to be so.