DAVID JOE

Plaintiff - Appellant

vs.

WINONA JOE

Defendant - Appellee

Decided on November 9, 1978

Wilbert Tsosie, D.N.A., Shiprock, New Mexico, for Plaintiff -
  Appellant

No Appearance of Counsel for Defendant - Appellee

Before NESWOOD, Acting Chief Justice, BLUEHOUSE and LYNCH
  Associate Justices

NESWOOD, Acting Chief Justice

I

On December 8, 1977, the Appellant, David Joe, filed a petition
for divorce from the Appellee, Winona Joe, in the Shiprock District
Court.

After a full hearing on the 28th day of June, 1978, the District
Judge issued a decree of divorce, divided the property, granted cus-
tody of the child to the Appellee, and awarded the Appellee $250.00 a
month child support.

David Joe appealed, alleging that the community property items
should have been appraised before the judge attempted distribution and
that the distribution of the Native American Church paraphernalia was

improper. The Appellant also claimed that the child support payments ordered by the Court are too high because he is permanently disabled.

II

The issues for this Court to decide are:

1. Should the District Court have ordered the community property appraised before enetering an order of distribution?

2. Did the District Judge err in distributing the Native American Church paraphernalia to the Appellee?

3. Are the child support payments of $250.00 too high?

III

The Appellant cites this Court to the case of <u>Martin v. Martin</u>, 530 P.2d 1386 (Supreme Court of Alaska) for the proposition that the community property should have been appraised before the judge attempted distribution. A careful reading of that case shows that the Supreme Court of Alaska ruled that while appraisals should be obtained before trial, it was up to the party's counsel:

> "If in fact the trial judge was unable to
> divide the property evenly, the fault was not
> his but must be found in either the failure
> of preparation or inadequate presentation at
> time of trial."

530 P.2d at 1389

It was the duty of Appellant's counsel, not the District Court, to obtain an appraisal of the community property. If the Appellant felt he had insufficient time to obtain the appraisal before trial, he should have asked for a continuance.

Appellant cannot now claim to this Court that the community property was unfairly divided because if there was an error, it was his own fault.

IV

The issue of the division of the Native American Church paraphernalia will be examined by this Court separate of the other propety because of the great significance it holds for many Navajos.

The evidence revealed that the paraphernalia was given to the couple jointly, after marriage, and that they both received instruction in its use.

The manner in which the religious paraphernalia given to a man and his wife together should be divided has been a subject of debate at the District Court level several other times. In deciding the division of the paraphernalia the District Courts have attempted to reach two results:

1. As fair a monetary division as possible;

2. To enable both parties to have sufficient paraphernalia after division to perform ceremonies.

This Court believes that these two objectives must be met, and therefore adopts this criteria for the division of Native American Church paraphernalia in this kind of situation.

Therefore, the paraphernalia will be divided as follows:

To the Appellant, David Joe:

    3 Prayer Feathers
    1 Eagle Tail Fan
    1 Ceremonial Whistle
    1 Peyote (Chief)

To the Appellee, Winona Joe:

    2 Prayer Feathers
    1 Prayer Feather (red and blue)
    1 Water Bird
    1 Peyote (Chief)
    1 Ceremonial Fetish

V

The final issue before this Court is whether the District Judge's order of $250.00 a month for child support is excessive.

The Court has a duty to protect the child and ensure that there is adequate money for his upbringing. At the same time, the Court cannot order a party to pay more than he makes or order him to pay so much that the payer himself has insufficient money with which to live.

The evidence presented in this case is that the Appellant has been declared permanently disabled by the Social Security Administration and receives Social Security payments for that reason. In light of this fact, this Court believes that the $250.00 a month child support

ordered by the Distrct Court is more than the Appellant can afford. This Court feels that $125.00 a month is a fairer figure. The Appellee is expected to contribute to the support of the child as no evidence has been offered to this Court to show she cannot be gainfully employed. If the circumstances of either party or the child change, the Appellee can institute proceedings in the District Court to have the support payments raised.

VI.

The Native American Church religious paraphernalia is to be divided as ordered in part IV of this opinion within thirty (30) days of the date of of this opinion.

Appellant shall pay child support of One Hundred Twenty-Five Dollars ($125.00) every 28th day of each month until the child reaches his eighteenth (18th) birthday.

The Stay of Execution, issued the 25th day of July, 1978, is vacated.

The Judgment of the Shiprock District Court is modified in accordance with this opinion.

BLUEHOUSE, Associate Justice and LYNCH, Associate Justice, concur.