AMES BANK, A CORPORATION, APPELLANT, V. HOWARD F. HAHN ET AL., APPELLEES.

287 N. W. 2d 687

Filed January 22, 1980. No. 42544.

Ronald H. Stave and Lee H. Hamann of the Law Offices of Emil F. Sodoro, P.C., for appellant.

Martin A. Cannon of Matthews & Cannon, P.C., for appellees Zweiback and Laughlin.

Kennedy, Holland, DeLacy & Svoboda, for appellee Hahn.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BOSLAUGH, J.

The plaintiff, Ames Bank, appeals from an order sustaining the demurrer of the defendant, Howard F. Hahn, and dismissing the action as to all defendants.

The amended petition alleged in its first cause of action that the defendant Hahn was a lawyer associated with and employed by the defendants, Warren S. Zweiback, Mark L. Laughlin, and Zweiback & Laughlin, a partnership; that on October 14, 1974, Bruce N. Miller, as president of E. G. Miller Realty Company, delivered a promissory note in the amount of $153,358.60 to the plaintiff; that Hahn and Zweiback & Laughlin represented Bruce N. Miller, a partner in Minnesota Candlewood Company; that on November 7, 1974, Hahn prepared two mortgages from Candlewood to the plaintiff which were intended to secure the E. G. Miller Realty Company note, but the mortgages described land not owned by Candlewood; that Hahn represented to the plaintiff that Candlewood owned the land described in the mortgages; that on February 18, 1975, E. G. Miller Enterprises, Inc., executed a warranty deed to Candlewood that had been prepared by Hahn but which did not describe the property the deed was intended to convey; that Hahn was in direct communication with the plaintiff in regard to these matters, and the plaintiff relied upon the misrepresentations made by Hahn; that the plaintiff does not know whether Hahn knew whether the representations he made to the plaintiff were untrue; that the plaintiff had been damaged because there was a balance of $148,358.60, plus interest, due on the note which the plaintiff was unable to collect because of the misrepresentations of Hahn. There was no allegation that Hahn knew the representations were false and no di-

rect allegation that the representations were made with the intention that they be acted upon.

In the second cause of action the amended petition alleged Hahn was negligent in that he should have known Candlewood was not the owner of the property described in the mortgages and the legal description in the deed was incorrect. The third and fourth causes of action alleged Zweiback, Laughlin, and the partnership were liable to the plaintiff. The prayers to all four causes of action sought a judgment against only Hahn.

The issue with regard to the first cause of action is whether the plaintiff was required to allege scienter or an intent to deceive. In Page v. Andreasen, 200 Neb. 641, 264 N. W. 2d 682, we said: "The essential elements required to sustain an action for fraudulent misrepresentation are, generally speaking, that a representation was made as a statement of fact, *which was untrue and known to be untrue by the party making it*, or else recklessly made; that it was made with *intent to deceive* and for the purpose of inducing the other party to act upon it; and that he did in fact rely on it and was induced thereby to act to his injury or damage." (Emphasis supplied.)

The plaintiff relies on Campbell v. C & C Motor Co., 146 Neb. 721, 21 N. W. 2d 427, and contends that it was not required to allege that the misrepresentation was made with intent to deceive. In the Campbell case we said: "In this connection, the burden is on the plaintiff to prove by preponderance of the evidence, the following essential elements constituting fraud and deceit: (1) That such defendant made a material representation; (2) that it was false; (3) *that, when made, such defendant knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion*; (4) *that he made it with the intention that it should be acted on by plaintiff*; (5) that plaintiff acted in reliance on it; and (6) that he thereby suffered injury." (Empha-

sis supplied.) The requirement of scienter is satisfied by alleging that the person making the statement knew the statement was false, or made it as a positive statement without knowledge as to whether it was true or false, and the false statement was made with intention that it should be acted upon. See, 37 C. J. S., Fraud, § 19, p. 254; Prosser, Law of Torts (4th Ed.), § 107, p. 699, at p. 700.

The first cause of action alleged in this case was defective because the plaintiff failed to allege that the defendant knew the representation was false, or made the representation as a positive statement without knowledge as to whether it was true or false.

The issue in regard to the second cause of action is whether the amended petition alleged facts sufficient to establish any duty owed by Hahn to the plaintiff. A cause of action for negligence depends upon the breach of a duty by the defendant to use due care to avoid injury to the plaintiff. A lawyer owes a duty to his client to use reasonable care and skill in the discharge of his duties, but ordinarily this duty does not extend to third parties. 7 Am. Jur. 2d, Attorneys at Law, § 167, p. 146; § 196, p. 161; 7 C. J. S., Attorney and Client, § 52b, p. 834; Savings Bank v. Ward, 100 U. S. 195, 25 L. Ed. 621 (1879).

The amended petition alleged that Hahn represented Bruce N. Miller, a partner in Candlewood, and that Hahn was in direct communication with the plaintiff. There was no allegation that Hahn was employed by the plaintiff, and there was no allegation of facts which would otherwise establish a duty from Hahn to the plaintiff.

Since the liability of Zweiback, Laughlin, and the partnership was dependent upon Hahn being liable to the plaintiff, and the amended petition failed to state a cause of action against Hahn, the action was properly dismissed as to all defendants.

The demurrers were properly sustained. The

judgment of the District Court is affirmed.

AFFIRMED.