F. GARY LILYHORN, APPELLANT, V.
JOHN E. DIER, APPELLEE.

335 N.W.2d 554

Filed June 24, 1983. No. 82-458.

Herbert J. Friedman and James E. Dunlevey of Friedman Law Offices, for appellant.

Knudsen, Berkheimer, Richardson & Endacott, and William H. Sherwood, for appellee.

Boslaugh, McCown, White, Hastings, Caporale, and Shanahan, JJ.

Hastings, J.

F. Gary Lilyhorn, the plaintiff, has appealed from an order of the District Court sustaining the motion for summary judgment filed by John E. Dier, defendant, and dismissing plaintiff's action. We affirm.

Plaintiff was the son and one of four heirs of Luella M. Lilyhorn, deceased. He alleges in his petition that the defendant, an attorney, drafted a will for his mother which purported to devise to the plaintiff 240 acres located in Phelps County, although at the time his mother owned but a life estate in that property, which fact was known to the defendant.

The plaintiff goes on to allege that said will made specific bequests to the plaintiff's two sisters, but specifically neglected to make any provision for a brother of the plaintiff. His petition concludes by alleging that the defendant was guilty of legal malpractice in drafting a will that he knew could not be given effect, as a result of which, he claims, plaintiff received a lesser share of his mother's estate than she had intended.

In the plaintiff's deposition, submitted in support of the motion for summary judgment, the plaintiff admitted that he had known since he was a boy that all his mother owned in the particular land was a life estate. However, he insisted that his mother had told him that she had made out a will in which she left the entire farm to him.

In granting summary judgment in favor of the defendant the trial court gave as a reason that the claim of the plaintiff was barred by the statute of limitations, Neb. Rev. Stat. § 25-222 (Reissue 1979). The parties argue in their briefs whether the statute begins to run at the time of the drafting of the will or at the time of the testatrix's death, and whether

such action may be brought within 1 year of the discovery of facts by the plaintiff establishing that the defendant knowingly drafted an ineffective will.

However, we need not resolve those issues. In his answer the defendant alleged, in defense of the plaintiff's claim, that no attorney-client relationship existed between the defendant and the plaintiff with respect to the drafting or execution of Luella M. Lilyhorn's will, which allegation was specifically admitted by the plaintiff in his reply. In *St. Mary's Church v. Tomek*, 212 Neb. 728, 325 N.W.2d 164 (1982), we said that as a general rule the duty to exercise reasonable care and skill which a lawyer owes his client ordinarily does not extend to third parties. Such is the case here, and is sufficient reason to support the action taken by the trial court.

The mere fact that this is a different reason than the one upon which the District Court relied, the merits of which we do not decide, is no cause to reverse the judgment. *Strauss v. Square D Co.*, 201 Neb. 571, 270 N.W.2d 917 (1978). The judgment was correct and is affirmed.

AFFIRMED.

KRIVOSHA, C.J., participating on briefs.