PATRICK G. LANDRIGAN ET AL., APPELLEES, PAUL E. LANDRIGAN ET AL., APPELLANTS, V. PATRICK J. NELSON ET AL., APPELLEES.

420 N.W.2d 313

Filed March 18, 1988.    No. 86-145.

Steven E. Achelpohl of Schumacher & Gilroy, for appellants.

Paula J. Metcalf of Knudsen, Berkheimer, Richardson & Endacott, for appellees Nelson et al.

BOSLAUGH, CAPORALE, and GRANT, JJ., and RIST and CLARK, D. JJ.

PER CURIAM.

This is an action for damages alleged to have been caused by acts of defendants constituting legal malpractice.

Patrick G. Landrigan and Paul J. Landrigan (known as the Landrigan boys) retained the defendant Patrick J. Nelson as their attorney in the negotiation of a restaurant lease in Kearney, Nebraska. The Landrigan boys are denominated plaintiffs, but are not involved in this appeal. The plaintiffs

who are involved as appellants are Paul E. Landrigan and his wife, Alda J. Landrigan, parents of the Landrigan boys; Janice J. Landrigan, wife of Patrick Landrigan; and Sandra Herbig, sister of the Landrigan boys.

The appellants signed two real estate mortgages securing the lease payments due from the Landrigan boys under the lease above noted. Upon default of such payments, the mortgages were foreclosed, and this action followed.

The trial court sustained defendants' motion for summary judgment and dismissed appellants' action, finding no duty was owed them by defendants.

We have reviewed the record and find no evidence that either defendant Nelson or his law firm and the members thereof, the other defendants herein, acted as attorneys for appellants. The rule is well established that a lawyer's duty is to his client and does not extend to third parties absent facts establishing a duty to them. *Ames Bank v. Hahn*, 205 Neb. 353, 287 N.W.2d 687 (1980); *Lilyhorn v. Dier*, 214 Neb. 728, 335 N.W.2d 554 (1983). As no attorney-client relationship existed between appellants and defendants, and as no other facts or circumstances were shown which establish a duty to appellants, we determine the action of the trial court was correct.

We also decline appellants' request that this court enlarge the scope of an attorney's liability to third parties.

AFFIRMED.