NANCY HOCH, APPELLANT AND CROSS-APPELLEE, V. ROBERT J. PROKOP, APPELLEE AND CROSS-APPELLANT.

507 N.W.2d 626

Filed November 5, 1993.   No. S-91-221.

Michael M. O'Brien, of Cannon, Goodman, O'Brien & Grant, for appellant.

George H. Moyer, Jr., of Moyer, Moyer, Egley, Fullner & Warnemunde, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, FAHRNBRUCH, and LANPHIER, JJ.

WHITE, J.

Nancy Hoch appeals from a summary judgment dismissing her libel action against Robert J. Prokop. We reverse, and remand with directions.

In 1988, Hoch and Prokop were opposing candidates for the elected position of University of Nebraska regent. During the campaign, Prokop wrote a four-page flier criticizing Hoch's record. Prokop mailed the flier to approximately 40,000 households.

Hoch mailed a retraction request to Prokop via registered mail. When Prokop failed to retract the statements, Hoch filed suit in district court, alleging that the flier contained 13 separate instances of libel. Prokop answered, among other things, that Hoch had failed to state a cause of action and that his statements were made about a public figure and were made without malice. Prokop then moved for summary judgment.

The district court granted summary judgment for Prokop as to 12 of the 13 allegations of libel. The district court first addressed each of the 12 allegations individually. The district court then summarized its holding as follows:

> The evidence raises no issue as to any disputed facts concerning plaintiff's specifications [of libel]. Most of the innuendos alleged by the plaintiff from reading the publication . . . are merely expressions of opinions by the defendant made in a political situation and are protected

speech. Those that get by such protection are not libel per se. In no case, has any attempt been made by plaintiff to allege or prove special damages or to prove a false statement of fact.

As to the 13th allegation of libel, the district court ordered the case to proceed to trial. Hoch withdrew the 13th allegation, making the case reviewable by this court.

Distilled, Hoch's assignments of error allege that the district court erred in finding that the statements did not constitute libel per se and in granting Prokop's motion for summary judgment. We find that the district court committed plain error by not recognizing that the petition fails to state a cause of action.

While an appellate court ordinarily considers only those errors assigned and discussed in the briefs, the appellate court may, at its option, notice plain error. *Gould v. Orr, ante* p. 163, 506 N.W.2d 349 (1993); Neb. Ct. R. of Prac. 9D(1)d (rev. 1992). Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process. *Sayer v. Bowley*, 243 Neb. 801, 503 N.W.2d 166 (1993); *In re Interest of D.M.B.*, 240 Neb. 349, 481 N.W.2d 905 (1992).

The parties do not dispute that Hoch's cause of action is grounded in libel. The U.S. Supreme Court has described two forces which shape the libel landscape to conform to the First Amendment. See *Philadelphia Newspapers, Inc. v. Hepps*, 475 U.S. 767, 106 S. Ct. 1558, 89 L. Ed. 2d 783 (1986). The first force is the status of the plaintiff: "whether the plaintiff is a public official or figure, or is instead a private figure." *Id.*, 475 U.S. at 775. The second force is the nature of the speech: "whether the speech at issue is of public concern." *Id.* When the plaintiff is a public official or public figure and the speech is a matter of public concern—a combination of plaintiff and speech which we will denominate "public libel"—the First Amendment requires the plaintiff to surmount higher barriers than those raised by common-law libel. See *Hepps, supra.*

Under the First Amendment, a public-libel plaintiff must demonstrate "actual malice." *New York Times Co. v. Sullivan*, 376 U.S. 254, 84 S. Ct. 710, 11 L. Ed. 2d 686 (1964) (public officials); *Curtis Publishing Co. v. Butts*, 388 U.S. 130, 87 S.

Ct. 1975, 18 L. Ed. 2d 1094 (1967) (public figures). See, also, Bruce W. Sanford, Libel and Privacy § 7.1 (2d ed. 1991). Actual malice means knowledge of falsity or reckless disregard for the truth. *New York Times Co., supra.* To establish recklessness, a plaintiff must present "sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication." *St. Amant v. Thompson,* 390 U.S. 727, 731, 88 S. Ct. 1323, 20 L. Ed. 2d 262 (1968).

In public-libel cases, actual malice is an element of the plaintiff's prima facie case. Rodney A. Smolla, Law of Defamation § 3.06 (1993). Thus, the petition must contain facts which would support the conclusion that the defendant acted with knowledge of falsity or reckless disregard for the truth. Furthermore, the plaintiff must establish actual malice by clear and convincing evidence. *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 94 S. Ct. 2997, 41 L. Ed. 2d 789 (1974).

Under the First Amendment, a public-libel plaintiff must also demonstrate that the allegedly libelous statement is false. See *Hepps, supra* (if the speech at issue is a matter of public concern, then both public-figure and private-figure plaintiffs must show falsity). As with actual malice, falsity is an element of the prima facie case and must be properly pled in the petition. As with actual malice, a public-libel plaintiff must establish falsity by clear and convincing evidence. See *Deaver v. Hinel,* 223 Neb. 529, 391 N.W.2d 128 (1986).

Hoch's petition presents a case which falls squarely within the confines of public libel. Hoch is clearly a public figure. Hoch's petition states that at the time of the allegedly libelous statements, she and Prokop were opposing candidates for the "nonpartisan elective position of University of Nebraska Regent." Candidates for public office are public figures for purposes of the First Amendment. Smolla, *supra,* § 2.23[2]. In addition, the allegedly libelous statements are matters of public concern, because the statements discussed Hoch's conduct as a regent and her qualifications for that office. "Public discussion about the qualifications of a candidate for elective office presents what is probably the strongest possible case for application of the *New York Times* rule." *Ocala Star-Banner*

*Co. v. Damron*, 401 U.S. 295, 300-01, 91 S. Ct. 628, 28 L. Ed. 2d 57 (1971).

We find that the district court committed plain error by dismissing this case on summary judgment when the face of the petition clearly failed to state a cause of action.

Summary judgment is improper when the challenge involves the sufficiency of a petition to state a cause of action. *Gould v. Orr, ante* p. 163, 506 N.W.2d 349 (1993); *Ruwe v. Farmers Mut. United Ins. Co.*, 238 Neb. 67, 469 N.W.2d 129 (1991). When it is asserted in a motion for summary judgment that an opposing party has failed to state a cause of action, then the motion may be treated, as to that issue, as one for judgment on the pleadings. *McCurry v. School Dist. of Valley*, 242 Neb. 504, 496 N.W.2d 433 (1993); *Ruwe, supra.*

Treating the motion as one for judgment on the pleadings, we find that Hoch's petition fails to state a cause of action. Hoch's petition lacks the allegations required by the First Amendment. Because Hoch is a public figure and the allegedly libelous statements are matters of public concern, Hoch must plead the elements of falsity and malice. Hoch's petition alleges that Prokop's publication was libelous and caused damage. Hoch's petition does not allege either falsity or malice and does not allege facts which would even raise an issue of falsity or malice.

In a motion for judgment on the pleadings, the moving party admits the truth of the well-pleaded facts in the opposing party's pleadings, together with all reasonable inferences to be drawn therefrom. *Ruwe, supra.* However, a court cannot assume the existence of facts not alleged. Cf. *Northland Ins. Co. v. State*, 242 Neb. 10, 492 N.W.2d 866 (1992) (principle applies when ruling on a demurrer). Because Hoch's petition fails to reveal crucial facts—which of Prokop's statements were false and how Prokop might have acted with actual malice—the petition fails to state a cause of action.

Given that Hoch has failed to state a cause of action, it is clear that the case cannot proceed in its current state. Dismissing the case, however, would create a manifestly inequitable situation because the defects in the pleading appear to be amendable.

The inequity arises from Nebraska procedures regarding

amendments to pleadings. When a court grants judgment on the pleadings and dismisses a case, the losing party does not have the right to amend the pleadings. In contrast, when a court sustains a demurrer, the losing party is entitled to amend the pleadings unless there is no reasonable possibility that amendment will remedy the deficiency. *LaPan v. Myers*, 241 Neb. 790, 491 N.W.2d 46 (1992); *Pappas v. Sommer*, 240 Neb. 609, 483 N.W.2d 146 (1992); *Barelmann v. Fox*, 239 Neb. 771, 478 N.W.2d 548 (1992); *St. Paul Fire & Marine Ins. Co. v. Touche Ross & Co.*, 234 Neb. 789, 452 N.W.2d 746 (1990). In other words, under our present system, a defendant can move for judgment on the pleadings, rather than demur, and thereby extinguish the plaintiff's right to amend.

State courts facing this inequity have acted to prevent parties from circumventing the right to amend pleadings; in effect, parties may not move for judgment on the pleadings when demurrer would be appropriate. See, *MacIsaac v. Pozzo*, 26 Cal. 2d 809, 161 P.2d 449 (1945); *Virginia G. v. ABC Unified School Dist.*, 15 Cal. App. 4th 1848, 19 Cal. Rptr. 2d 671 (1993); *Jones v. Ceres Co.*, 60 Colo. 562, 154 P. 745 (1916); *Strack v. Federal Land Bank*, 124 Mont. 19, 218 P.2d 1052 (1950); *Atchison, Topeka and Santa Fe Railway Co. v. Coulson*, 371 P.2d 914 (Okla. 1962); *C & L Service Co. v. Northern Equipment Co.*, 525 P.2d 1260 (Okla. App. 1974); *Scott & Payne v. Potomac Ins.*, 217 Or. 323, 341 P.2d 1083 (1959); *Lehner v. Montgomery*, 180 Pa. Super. 493, 119 A.2d 626 (1956); *Wolf v. S. H. Wintman Co.*, 92 R.I. 470, 169 A.2d 903 (1961). In accord with these cases, we hold that when a party challenges the sufficiency of a petition to state a cause of action, a motion for judgment on the pleadings should be sustained only when an amendment cannot cure the defect.

Before we apply this rule to the present case, it will be useful to summarize the relevant procedural steps that have already been taken. Prokop's answer asserted that the petition failed to state a cause of action. Prokop did not demur but, rather, moved for summary judgment. Because of the allegations in the answer, the motion for summary judgment included a challenge to the sufficiency of the petition. Because the motion for summary judgment challenged the sufficiency of the

petition, we treated the motion, as to that issue, as one for judgment on the pleadings. Treating the motion as one for judgment on the pleadings, we found that under applicable First Amendment law, Hoch failed to state a cause of action. However, we will not grant judgment on the pleadings and dismiss the case if an amendment could cure the defect.

We find that a proper amendment could cure the defect. The facts which Hoch has alleged begin to establish a libel cause of action. Constitutionally, Hoch must allege facts to demonstrate falsity and malice. Nothing on the face of the pleadings would suggest that she cannot allege such facts. Thus, there is a reasonable possibility that Hoch could cure the defects, and Hoch is entitled to amend her petition.

The trial court committed plain error by not treating the summary judgment as a demurrer, by not ruling that Hoch had failed to state a cause of action, and by not allowing Hoch to amend her petition. In view of this result, it is unnecessary to consider Prokop's cross-appeal. The judgment of the district court dismissing the action is reversed, and the cause is remanded with directions.

REVERSED AND REMANDED WITH DIRECTIONS.