EARTH SCIENCE LABORATORIES, INC., APPELLANT, V. ADKINS & WONDRA, P.C., AND JESSE T. ADKINS, APPELLEES.

523 N.W.2d 254

Filed November 4, 1994.   No. S-93-461.

Steven D. Davidson, of Baird, Holm, McEachen, Pedersen, Hamann & Strasheim, for appellant.

Donald R. Witt and David D. Zwart, of Baylor, Evnen, Curtiss, Grimit & Witt, for appellees.

HASTINGS, C.J., WHITE, FAHRNBRUCH, LANPHIER, and WRIGHT, JJ., and BOSLAUGH, J., Retired.

BOSLAUGH, J., Retired.

The plaintiff, Earth Science Laboratories, Inc., appeals from an order of the trial court which sustained the defendants' demurrer without leave to amend. The defendants are Adkins & Wondra, P.C., and Jesse T. Adkins.

Jesse Adkins is the former attorney for Sorber Chemical, Inc., which filed a petition in bankruptcy in 1990 under chapter 11 of the U.S. Bankruptcy Code.

In March 1991, the trustee in bankruptcy obtained approval from the bankruptcy court to sell and assign all of Sorber Chemical's assets to the plaintiff. The corporate stock of Sorber Chemical was not part of the sale. The sale included "all of the right, title and interest, if any, of the Debtor, Sorber Chemical, Inc., in and to all claims, causes of action, and rights or choses in action."

The trustee in bankruptcy specifically identified claims and causes of action against Oaktree, Inc.; Kenneth Sorber; Sorber

International; Leading Edge; Genesis I; Sorber, Inc.; and Chemstar. A cause of action for legal malpractice against the defendants was not listed or mentioned in the sale and assignment documents; however, the sale and assignment contained a broad provision which included "[a]ll other claims, demands, and causes of action of any other nature, known or unknown, now existing or hereafter arising."

The plaintiff filed the present action against the defendants as the assignee of Sorber Chemical's rights in a claimed legal malpractice action. The plaintiff asserted several theories of recovery, including claims for professional negligence, breach of fiduciary duties, breach of contract, and breach of duties imposed by federal and state law, all arising out of the attorney-client relationship between the defendants and Sorber Chemical.

The defendants demurred to the plaintiff's first amended petition for failure to state facts sufficient to constitute a cause of action against the defendants and because there was a defect of parties in that the plaintiff was not the real party in interest.

The trial court sustained the defendants' demurrer and dismissed the action without leave to amend because the plaintiff would not be able to correct the defects in the first amended petition by additional pleading. The trial court reasoned:

> Public Policy in the State of Nebraska and the law in the State of Nebraska provide specifically that a cause of action for legal malpractice is a personal right and can only be maintained by the client. This rule of law is based upon the relationship between the attorney and his client, and the facts that the only obligation an attorney has in Nebraska is to his or her client, and not to any third party.

> The Public Policy considerations in determining that a claim [for] legal malpractice cannot be assigned, are based upon the attorney-client relationship being personal, and the necessity for [l]oyalty in the personal relationship.

The plaintiff has appealed and assigns as error the trial court's conclusions in sustaining the defendants' demurrer and the trial court's dismissal of the plaintiff's first amended petition without leave to amend.

Among other jurisdictions in which the issue of the assignability of legal malpractice claims has arisen, the majority have held that such claims are not assignable. See, *Scarlett v. Barnes*, 121 B.R. 578 (W.D. Mo. 1990); *Schroeder v. Hudgins*, 142 Ariz. 395, 690 P.2d 114 (Ariz. App. 1984); *Goodley v. Wank & Wank, Inc.*, 62 Cal. App. 3d 389, 133 Cal. Rptr. 83 (1976); *Roberts v. Holland & Hart*, 857 P.2d 492 (Colo. App. 1993); *Washington v. Fireman's Fund Ins. Co.*, 459 So. 2d 1148 (Fla. App. 1984); *Brocato v. Prairie State Farmers Ins. Ass'n*, 166 Ill. App. 3d 986, 520 N.E.2d 1200 (1988); *Picadilly, Inc. v. Raikos*, 582 N.E.2d 338 (Ind. 1991); *Bank IV Wichita v. Arn, Mullins, Unruh, Kuhn & Wilson*, 250 Kan. 490, 827 P.2d 758 (1992); *Coffey v. Jefferson County Bd. of Educ.*, 756 S.W.2d 155 (Ky. App. 1988); *Joos v Drillock*, 127 Mich. App. 99, 338 N.W.2d 736 (1983); *Wagener v. McDonald*, 509 N.W.2d 188 (Minn. App. 1993); *Chaffee v. Smith*, 98 Nev. 222, 645 P.2d 966 (1982). Most of the jurisdictions refusing to allow assignment of legal malpractice claims have done so based on public policy considerations concerning "the uniquely personal nature of legal services and the contract out of which a highly personal and confidential attorney-client relationship arises." *Goodley v. Wank & Wank, Inc.*, 62 Cal. App. 3d at 395, 133 Cal. Rptr. at 86.

The plaintiff in the present case argues that the public policy reasoning articulated by the jurisdictions refusing to allow assignment of legal malpractice claims is not applicable under the facts of this case because its purchase of Sorber Chemical's assets puts the plaintiff in the position of a successor corporation, giving it the ability to pursue the legal malpractice claim and determine the consequences flowing from that decision.

In *Bank IV Wichita v. Arn, Mullins, Unruh, Kuhn & Wilson, supra*, a similar argument was made. In that case, Bank IV Wichita was a major creditor of George C. Christopher & Son, Inc. (Christopher I). Christopher I was a client of Arn, Mullins, Unruh, Kuhn & Wilson (Arn, Mullins). Christopher II, a former wholly owned subsidiary of Bank IV, was formed to take possession of the assets of Christopher I and operate the business after Bank IV foreclosed on Christopher I. Bank IV

and Christopher II brought a legal malpractice action against Arn, Mullins that it claimed Christopher I could have brought. The Kansas Supreme Court held that the legal malpractice claim of Christopher I against Arn, Mullins was not assignable to Bank IV and Christopher II because public policy considerations preclude the assignment of legal malpractice claims, since such claims are personal to the client. The court stated: "Bank IV does not acquire the malpractice claim by assignment, foreclosure, subrogation, or successor status. Under the facts of the case at bar, no duty is owing from Arn, Mullins to Bank IV, a nonclient." 250 Kan. at 491, 827 P.2d at 760.

The court held that the same policy reasons which prevent assignment of legal malpractice claims also prevent transfer of such claims by succession. *Bank IV Wichita v. Arn, Mullins, Unruh, Kuhn & Wilson, supra.*

In order to recover in an action for legal malpractice, the plaintiff must allege and prove (1) a duty, (2) breach of that duty, (3) proximate cause, and (4) resulting damage. *Stansbery v. Schroeder,* 226 Neb. 492, 412 N.W.2d 447 (1987). In this jurisdiction, "[t]he rule is well established that a lawyer's duty is to his client and does not extend to third parties absent facts establishing a duty to them." *Landrigan v. Nelson,* 227 Neb. 835, 836, 420 N.W.2d 313, 314 (1988), citing *Lilyhorn v. Dier,* 214 Neb. 728, 335 N.W.2d 554 (1983), and *Ames Bank v. Hahn,* 205 Neb. 353, 287 N.W.2d 687 (1980).

In this case, the defendants owed no duty to the plaintiff, who was not a client, and the plaintiff did not acquire that duty through its purchase of the assets of Sorber Chemical because of the personal nature and confidentiality involved in the attorney-client relationship.

Although generally the law supports assignability of rights, it does not permit assignments for matters of personal trust or confidence, or for personal services. *Roberts v. Holland & Hart,* 857 P.2d 492 (Colo. App. 1993). See, also, *Schupack v. McDonald's System, Inc.,* 200 Neb. 485, 264 N.W.2d 827 (1978).

"In our view, the assignment of legal malpractice claims involve matters of personal trust and personal service and do

not lend themselves to assignability because permitting the transfer of such claims would undermine the important relationship between an attorney and client." *Roberts v. Holland & Hart*, 857 P.2d at 495.

We are persuaded by the reasoning in *Roberts* and other jurisdictions which refuse to permit the assignment of legal malpractice claims because of public policy considerations concerning the personal nature and confidentiality of the attorney-client relationship. Accordingly, the trial court did not err in sustaining the defendants' demurrer.

When a court sustains a demurrer, the losing party is entitled to amend the pleadings unless there is no reasonable possibility that amendment will remedy the deficiency. *Hoch v. Prokop*, 244 Neb. 443, 507 N.W.2d 626 (1993).

The plaintiff's sole basis for instituting this action is through its purchase and assignment of the assets of Sorber Chemical. Because a legal malpractice claim is not assignable, there is no reasonable possibility that the plaintiff can amend its petition to state a cause of action against the defendants, and the trial court did not err in denying the plaintiff the opportunity to amend its first amended petition.

The judgment of the trial court is affirmed.

AFFIRMED.

CAPORALE, J., not participating.