COUNTY OF SEWARD, NEBRASKA, APPELLANT, V.
JOHN F. ANDELT AND DELORIS M. ANDELT, HUSBAND AND WIFE,
ET AL., APPELLEES.

559 N.W.2d 465

Filed February 7, 1997.   No. S-94-1162.

C. Jo Petersen, Seward County Attorney, for appellant.

Brian C. Bennett, of Bennett Law Office, P.C., guardian ad litem.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, and GERRARD, JJ.

CONNOLLY, J.

The County of Seward, Nebraska (County), appeals the district court's granting judgment on the pleadings, dismissing as time barred two tax foreclosure causes of action. The district court determined that the petition for foreclosure was brought under the certificate method pursuant to Neb. Rev. Stat. § 77-1902 (Reissue 1990). A foreclosure action brought under this section must be commenced within 6 months after the expiration of 3 years from the date of sale of any real estate for taxes. The County asserts its foreclosure action is not barred because it was brought under the lien method pursuant to Neb. Rev. Stat. § 77-1901 (Reissue 1990). We conclude that this foreclosure action was brought pursuant to § 77-1902 and is time barred. We therefore affirm the decision of the district court.

## BACKGROUND

On August 10, 1993, the Seward County Attorney filed a petition for foreclosure in Seward County District Court. This petition, consisting of 13 causes of action, requested the court

to find that delinquent taxes and assessments on each parcel of real estate constituted a lien and that the County could satisfy those liens by selling the property at a public sale. Certificates of tax sale along with certificates of title for each parcel were attached to the petition, setting forth the taxes due on each.

The district court entered a decree of foreclosure for causes of action Nos. 10 and 11 on May 23, 1994. On that same date, the court set the remaining causes of action for trial. Upon a motion by the County, the foreclosure decree for causes of action Nos. 10 and 11 was vacated on June 20, 1994, because there was no appointment of counsel for defendants that may be in the military service, minors, or incompetents. A guardian ad litem was therefore appointed for these persons on June 21 for all causes of action. This appeal involves only causes of action Nos. 10 and 13.

The guardian ad litem filed an answer on August 31, 1994, alleging that causes of action Nos. 10 and 13 were barred by § 77-1902 because they were not brought within 6 months after the expiration of the tax sale certificates. A motion for judgment on the pleadings was filed by the guardian ad litem for these causes of action.

A hearing was had on the guardian ad litem's motion to dismiss on September 12, 1994. At this hearing, the County asserted that its petition for foreclosure was brought pursuant to the "lien method" of foreclosure set forth at § 77-1901 and that the statute of limitations for the "certificate method" of foreclosure as set out in § 77-1902 was therefore inapplicable. In support of this contention, the County offered exhibit 2, which contains resolution No. 1397 of the Seward County Board of County Commissioners. According to this resolution, the county attorney was directed to proceed with this foreclosure action "by the lien method." The guardian ad litem argued that the County, by issuing tax sale certificates for the properties, had elected to proceed under the certificate method of foreclosure and that since the limitation period for foreclosing under this method had expired on all certificates, the County could not now proceed under the lien method of foreclosure.

The court sustained the guardian ad litem's motion for judgment on the pleadings and dismissed causes of action Nos. 10

and 13, concluding that those actions were time barred by § 77-1902 because they were not brought within 6 months after the expiration of the tax sale certificates. The court did, however, enter a decree of foreclosure on cause of action No. 6.

Since the filing of this appeal, the County has dismissed all causes of action except Nos. 10 and 13. For this reason, the County appeals the district court's ruling only as it pertains to these causes of action.

The record reflects that tax sale certificates were issued for the property contained in causes of action Nos. 10 and 13. In particular, a tax sale certificate for the property in cause of action No. 10 was issued by the Seward County treasurer on April 15, 1989, and expired on April 15, 1992. The tax sale certificate for the property contained in cause of action No. 13 was issued on April 2, 1988, with an expiration date of April 2, 1991. The County's petition for foreclosure was filed August 10, 1993.

## ASSIGNMENTS OF ERROR

Summarized and restated, the County asserts the district court erred in (1) finding that causes of action Nos. 10 and 13 were time barred and (2) not entering a decree of foreclosure on all causes of action, thereby bringing about an inequitable and unjust result.

## STANDARD OF REVIEW

A motion for judgment on the pleadings is properly granted when it appears from the pleadings that only a question of law is presented. *White v. Ardan, Inc.*, 230 Neb. 11, 430 N.W.2d 27 (1988). In making such a motion, the moving party admits the truth of the well-pleaded facts in the opposing party's pleadings, together with all inferences to be drawn thereon. *Hoch v. Prokop*, 244 Neb. 443, 507 N.W.2d 626 (1993).

Statutory interpretation is a matter of law in connection with which an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determination made by the court below. *Village of Winside v. Jackson*, 250 Neb. 851, 553 N.W.2d 476 (1996); *County Cork v. Nebraska Liquor Control Comm.*, 250 Neb. 456, 550 N.W.2d 913 (1996).

## ANALYSIS

The issue in this appeal is whether the County's petition to foreclose for real estate taxes was brought pursuant to the lien method set forth at § 77-1901 or pursuant to the certificate method set forth at § 77-1902 which demands that a foreclosure cause of action be commenced within 6 months after the expiration of the issued tax sale certificates.

The lien method of foreclosure is set forth at § 77-1901, which provides:

> Counties shall have a lien upon real estate within their boundaries for all taxes due thereon . . . . After any parcel of real estate has been offered for sale and not sold for want of bidders, the county board shall make and enter an order directing the county attorney to foreclose the lien for all taxes then delinquent, in the same manner and with like effect as in the foreclosure of real estate mortgages, except as otherwise specifically provided by sections 77-1903 to 77-1917.

The other method of foreclosure, known as the certificate method, is set forth at § 77-1902, which provides:

> When land has been sold for delinquent taxes and a tax sale certificate or tax deed has been issued, the holder of such tax sale certificate or tax deed may, instead of demanding a deed or, if a deed has been issued, by surrendering the same in court, proceed in the district court . . . to foreclose the lien for taxes represented by the tax sale certificate or tax deed and all subsequent tax liens thereon in the same manner and with like effect as in the foreclosure of a real estate mortgage, except as otherwise specifically provided by sections 77-1903 to 77-1917. *Such action shall only be brought within six months after the expiration of three years from the date of sale of any real estate for taxes or special assessments.*

(Emphasis supplied.)

The Legislature envisioned a county's selection of one of the foregoing methods in foreclosing on a tax lien. According to Neb. Rev. Stat. § 77-1918 (Cum. Supp. 1994), a county board shall examine, on a yearly basis, a list of all real property on which taxes are delinquent. Upon such examination, the board

shall, as to all real property upon which taxes are delinquent for three or more years, *either* enter an order directing the foreclosure of the lien of such taxes as provided in section 77-1901 *or* enter an order for the county treasurer to issue tax sale certificates to the county covering the delinquent taxes upon such real property, to be foreclosed upon in the manner and at the time provided in sections 77-1901 to 77-1918.

(Emphasis supplied.) § 77-1918.

As noted above, the parties in the present case disagree as to which method of foreclosure the County was proceeding under. The method used is determinative of this appeal, for as noted above, the tax sale certificates issued for the parcels in causes of action Nos. 10 and 13 expired on April 15, 1992, and April 2, 1991, respectively. Since an action to foreclose on a lien represented by a tax sale certificate can only be brought within 6 months after the expiration of the date of sale (i.e., the date on which the tax sale certificate expires), the County's petition filed August 10, 1993, is out of time if we determine this foreclosure action was commenced under the certificate method set forth in § 77-1902. Conversely, if this action is brought pursuant to the lien method set forth at § 77-1901, the causes of action are not time barred.

In asserting that it was proceeding under the lien method in this matter, the County directs our attention to resolution No. 1397 of the Seward County Board of County Commissioners, dated March 30, 1993. This resolution specifically directs the county attorney to foreclose the tax liens on the parcels in question by the lien method. The County therefore claims that this action was appropriately initiated pursuant to § 77-1901. The appellees argue that the County has already issued tax sale certificates for the parcels in question. As such, the appellees assert the County has elected to proceed under § 77-1902 and cannot now change to the lien method, because § 77-1918 demands that a county proceed under either of the methods, but not both.

Ascertaining which method of foreclosure was pursued in this matter requires an examination of the petition as well as interpretation of the applicable statutes. In so doing, we are reminded that an appellate court must determine and give effect

to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. *Rauert v. School Dist. 1-R of Hall Cty., ante* p. 135, 555 N.W.2d 763 (1996). In addition, this court is to give a statute a reasonable construction which best achieves the purpose of the statute, rather than a construction that would defeat it. *Village of Winside v. Jackson*, 250 Neb. 851, 553 N.W.2d 476 (1996).

We conclude that the foreclosure petition sets forth causes of action for real estate tax foreclosures under the certificate method. The fact that tax sale certificates were issued and sold to the County for the parcels in question is specifically noted in the petition, as is the fact that the certificates have expired. In fact, copies of the tax sale certificates were attached to the petition as exhibits. This in itself appears to denote a proceeding under the certificate method, for Neb. Rev. Stat. § 77-1908 (Reissue 1996) states that "[t]he tax sale certificate or tax deed, *in foreclosure proceedings under section 77-1902* . . . shall be presumptive evidence of all facts necessary to entitle the plaintiff to a decree for the amount appearing to be due thereon . . . ." (Emphasis supplied.) The only indication that the County was proceeding under § 77-1901 was a portion of the prayer for relief wherein the County asked for a confirmation of sale "to be had as set forth by Nebraska Revised Statutes for lien foreclosure . . . ." According to the County, this mention of lien foreclosure within the prayer makes it apparent that the instant action was brought under § 77-1901. We cannot agree, for this quoted language can equally apply to a proceeding under either § 77-1901 or § 77-1902, because both are methods to foreclose on tax liens.

In addition, the applicable foreclosure statutes reveal that the County was required to proceed under the certificate method in the instant case. The fact that the Legislature specifically provides two methods by which a county can foreclose on a tax lien indicates that a county has options prior to proceeding with a foreclosure action. However, as made clear by § 77-1918, a county must choose to foreclose under the lien method *or* the certificate method. The County in the instant case chose to issue tax sale certificates for the parcels in question. Instead of bring-

ing the instant foreclosure action within 6 months after these certificates expired, as contemplated by § 77-1902, the County let the time in which to bring such an action expire. It was only after this expiration that the board of county commissioners issued resolution No. 1397, ordering the county attorney to proceed with the instant causes of action under the lien method set out in § 77-1901.

To allow a county to issue tax sale certificates, let them expire, and then have the board of county commissioners issue an order to foreclose under the lien method runs contrary to a commonsense reading of the foreclosure statutes. Despite the fact that § 77-1918 requires a county to proceed under *either* the lien method *or* the certificate method, allowing the County to proceed under the lien method after the timeframe for initiating an action under § 77-1902 has expired effectively eliminates the purpose of having the limitation period. This is not what the Legislature envisioned, as evidenced by Neb. Rev. Stat. § 77-1856 (Reissue 1996), which provides in part:

> If the owner of any tax sale certificate fails or neglects to demand a deed thereon or to commence an action for the foreclosure of the same within the time specified in section 77-1837 or 77-1902, *such tax sale certificate shall cease to be valid or of any force or effect whatever and the real property covered thereby shall be forever released and discharged from the lien of all taxes for which the real property was sold.*

(Emphasis supplied.)

As this statute makes clear, it was not the intent of the Legislature to allow a county to initiate a different foreclosure proceeding once the limitation period to foreclose on a tax sale certificate has run.

Accordingly, we conclude that the County's issuance of tax sale certificates in the instant case required it to proceed with the present foreclosure action under the certificate method. Having made this determination, we reiterate that a foreclosure action brought under the certificate method must be brought within 6 months after 3 years from the date of sale of any real estate for taxes. § 77-1902. In other words, the action must be commenced within 6 months of the expiration of the tax sale

certificate. The record before us reveals that the tax sale certificate for the parcel within cause of action No. 10 expired on April 15, 1992. Therefore, the 6-month limitation period to bring a foreclosure action under § 77-1902 ran on October 15, 1992, some 9 months before the petition for foreclosure was filed. In a similar fashion, the tax sale certificate for the parcel within cause of action No. 13 expired on April 2, 1991, with the 6-month period running until October 2, 1991, more than 1 year before the filing of the County's petition. As such, any possibility of foreclosure for taxes the County may have had before the limitation period ran is barred. See, § 77-1856; *County of Lancaster v. Maser*, 224 Neb. 566, 400 N.W.2d 238 (1987). Therefore, we conclude that the district court was correct in granting the guardian ad litem's motion for judgment on the pleadings, insofar as the petition relates to foreclosure for delinquent taxes falling within the proscribed timeframe of § 77-1902.

As a second assigned error, the County asserts that the district court's granting a decree of foreclosure for cause of action No. 6 but not the others results in an unjust result because the same petition was used for all the causes of action. We find this assignment to be without merit, for the answer of the guardian ad litem did not allege that cause of action No. 6 was time barred. As such, the court's conclusion does not result in an "unjust" result.

## CONCLUSION

We conclude that the district court was correct in dismissing causes of action Nos. 10 and 13 because the County failed to file its petition for foreclosure within the timeframe set out in § 77-1902.

AFFIRMED.