IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


ZAPATA V. QBE INS. CO.


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


JOHN LECHER ZAPATA, APPELLANT,

V.

QBE INSURANCE COMPANY ET AL., APPELLEES.


Filed December 29, 2015.    No. A-15-126.


Appeal from the District Court for Lancaster County: PAUL D. MERRITT, JR., Judge.
Affirmed.

John Lecher Zapata, pro se.

Brian D. Nolan and Leslie S. Stryker, of Nolan, Olson & Stryker, P.C., L.L.O., for
appellees Julie A. Martin and Nolan, Olson & Stryker, P.C., L.L.O.

Thomas J. Culhane and Matthew B. Reilly, of Erickson & Sederstrom, P.C., L.L.O., for
appellees Rubina Khaleel and Adelson, Testan, Brundo, Novell & Jiminez.


MOORE, Chief Judge, and INBODY and BISHOP, Judges.

BISHOP, Judge.

John Lecher Zapata appeals from the decision of the district court for Lancaster County,
Nebraska, dismissing his amended complaint under Neb. Ct. R. Pldg. § 6-1112(b)(6) (rev. 2008)
for failure to state a claim for which relief could be granted. For the reasons stated below, we
affirm.

## FACTUAL BACKGROUND

We glean the following facts from Zapata's amended complaint. Zapata was employed by
MWE Services, Inc., doing business as Midwest Demolition Company (MWE). On November 5,
2013, Zapata filed a workers' compensation claim against MWE.

- 1 -

QBE Insurance Company (QBE) provided workers' compensation and employers' liability insurance to MWE. On December 13, 2013, pursuant to its contractual duty to defend and pay for litigation costs taxed against MWE, QBE hired Nolan, Olson & Stryker, P.C., L.L.O., to represent QBE and MWE. Michael Reisbig was initial counsel at Nolan, Olson & Stryker. Julie A. Martin of Nolan, Olson & Stryker took over the case on July 22, 2014.

On April 1, 2014, MWE President Katie Cederburg, who is also Zapata's daughter, signed a corporate resolution appointing Zapata as CEO of MWE on issues pertaining to the workers' compensation claim. Zapata's authority was limited to the workers' compensation claim and upon completion of the claim, Zapata's authority would expire.

Due to a potential conflict, Nolan, Olson & Stryker remained counsel for QBE, but withdrew from its representation of MWE (date not given). QBE then retained Rubina Khaleel of Adelson, Testan, Brundo, Novell & Jimenez (the Adelson Law Firm), to represent the interest of their insured, MWE (date not given).

MWE fired Khaleel and the Adelson Law Firm due to "unethical practices" and MWE filed a complaint with the Nebraska Bar Association (date not given). Zapata claims that Khaleel shared privileged communications regarding MWE, its stockholders, and its officers with Martin; Zapata further claims the privileged information was then used to support QBE's attempt to deny coverage to MWE on Zapata's workers' compensation claim.

MWE assigned its "rights and assets" to Zapata. The amended complaint does not state when this assignment occurred, whether it was a written assignment, or who made the assignment of behalf of MWE.

PROCEDURAL BACKGROUND

On November 19, 2014, Zapata, acting pro se, brought suit as "an individual and as an assignee" against (1) QBE, (2) Martin, (3) Nolan, Olson & Stryker, (4) Khaleel, and (5) the Adelson Law Firm. In his first amended complaint, Zapata sets forth a single cause of action which he describes as a "violation of attorney-client privilege"; although not set forth as a cause of action, Zapata also alleged a "breach of ethics."

On November 19, 2014, Khaleel and the Adelson Law Firm filed a motion to dismiss Zapata's amended complaint on the basis that it failed to state a cause of action upon which relief could be granted. On November 25, Martin and Nolan, Olson & Stryker also filed a motion to dismiss Zapata's amended complaint on the basis that it failed to state a cause of action upon which relief could be granted.

QBE was dismissed from the case on December 2, 2014, by order of the court. The December 2 order does not appear in our record.

Various other motions, which are not the subject of this appeal, were filed by the parties, and were either ruled upon or became moot by the court's subsequent dismissal of the case.

In its order filed on January 12, 2015, the district court dismissed Zapata's amended complaint pursuant to § 6-1112(b)(6) for failure to state a claim for which relief could be granted. The district court found that a claim for legal malpractice could not be assigned from MWE to Zapata. The court further stated that due to its ruling on the assignability of the legal malpractice claim, it would not address whether Zapata, as assignee, could pursue the action individually on

behalf of MWE. The court found that the defects in the amended complaint could not be cured through additional amendment and the case was dismissed.

Zapata now appeals.

ASSIGNMENTS OF ERROR

Zapata assigns, summarized and restated, that the trial court erred in (1) dismissing QBE, (2) dismissing his amended complaint, (3) determining his claim was for legal malpractice, and (4) not addressing his claims in his capacity "as an individual."

STANDARD OF REVIEW

An appellate court reviews a district court's order granting a motion to dismiss de novo, accepting all allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. *Rafert v. Meyer*, 290 Neb. 219, 859 N.W.2d 332 (2015). To prevail against a motion to dismiss for failure to state a claim, a plaintiff must allege sufficient facts to state a claim to relief that is plausible on its face. *Id*.

ANALYSIS

*Dismissal of QBE.*

QBE provided workers' compensation and employers' liability insurance to MWE. QBE was not a lawyer or a representative of a lawyer. Thus, a claim for violation of attorney-client privilege in not applicable to QBE. See Neb. Rev. Stat. § 27-503 (Reissue 2008). QBE was properly dismissed from the case.

*Zapata's Claim for Legal Malpractice.*

Zapata argues that his suit was for "violation of attorney-client privilege and [abuse of] fiduciary duty," not legal malpractice (the fiduciary aspect applied only to Khaleel and the Adelson Law Firm). Brief for appellant at 18. However, these are one in the same. See *Community First State Bank v. Olsen*, 255 Neb. 617, 623, 587 N.W.2d 364, 368 (1998) ("any professional misconduct or any unreasonable lack of skill or fidelity in the performance of professional or fiduciary duties is malpractice"). Accordingly, Zapata's claim was for legal malpractice.

*Zapata as Assignee.*

As to Zapata as an assignee of MWE, the law is clear that legal malpractice claims are not assignable due to public policy considerations. *Earth Science Labs. v. Adkins & Wondra, P.C.*, 246 Neb. 798, 523 N.W.2d 254 (1994). Therefore, to the extent Zapata seeks to assert a legal malpractice claim by right of assignment from MWE, he may not do so, and the trial court properly dismissed Zapata's amended complaint.

*Zapata in Individual Capacity.*

As to any claim by Zapata, individually, for legal malpractice against any of the appellees, it is clear from Zapata's amended complaint that he is seeking damages for the manner in which MWE was represented, and not damages arising out of any representation of himself individually.

In fact, none of the appellees could have represented Zapata individually because he was the opposing party in the underlying workers' compensation action.

We note that although the caption in the amended complaint identifies the plaintiff as "John Lecher Zapata, an individual and as an assignee," paragraph 3 states that "[f]or purposes of this Complaint, MWE Services, Inc. d/b/a Midwest Demolition Company and John Lecher Zapata collectively and jointly will be referred to as 'Plaintiff.'" To the extent that Zapata is trying to prosecute the claim on behalf of MWE, he is not allowed to do so because he is not a licensed attorney. See *Steinhausen v. HomeServices of Neb.*, 289 Neb. 927, 857 N.W.2d 816 (2005) (the prohibition on representation by a layperson applies to entities such as corporations, partnerships, limited liability companies, and trusts). A legal proceeding in which a party is represented by a person not admitted to practice law is a nullity and is subject to dismissal. *Id.*

## CONCLUSION

For the reasons stated above, we find that the trial court properly dismissed Zapata's amended complaint.

AFFIRMED.